## 38785. CARPENTER v. THE STATE.

WELTNER, Justice.

Carpenter was convicted in the Superior Court of Clayton County of criminal attempt to commit bribery, a crime involving moral turpitude. Thereafter, the district attorney for the Stone Mountain Judicial Circuit filed in DeKalb Superior Court a petition for removal of defendant from practice of law, relying upon the provisions of Code Ann. §§ 9-501 and 9-505. After a hearing, the superior court entered an order of disbarment, from which Carpenter appeals.

Carpenter contends that the Supreme Court of Georgia has exclusive authority concerning the discipline of attorneys admitted to the Bar of this State, and that he has previously submitted a motion for voluntary suspension pursuant to Rule 4-106 of the Rules and Regulations of the State Bar of Georgia (Code Ann. Title 9, Appen., 238 Ga. 739 (1977)), which was approved by this Court. See *In the Matter of Carpenter,* 248 Ga. 753 (288 SE2d 217) (1982).

We agree with both of Carpenter's contentions. Matters relating to the practice of law, including the admission of practitioners, their discipline, suspension, and removal, are within the inherent and exclusive power of the Supreme Court of Georgia. Art. I, Sec. II, Par. IV, Constitution of Georgia of 1976 (Code Ann. § 2-204) provides:

"The legislative, judicial, and executive powers shall forever remain separate and distinct, and no person discharging the duties of one, shall, at the same time, exercise the functions of either of the others, except as herein provided." See *Wallace v. Wallace,* 225 Ga. 102 (166 SE2d 718) (1969); *Sams v. Olah,* 225 Ga. 497 (169 SE2d 790) (1969).

The enactment by the General Assembly, therefore, of legislation purporting to govern matters within the exclusive jurisdiction of the judicial branch, is violative of the 1976 Constitution, and hence void. "Legislative acts in violation of this Constitution, or the Constitution of the United States, are void, and the Judiciary shall so declare them." 1976 Ga. Const., Art. I, Sec. II, Par. VIII (Code Ann. § 2-208).

It should be noted that the Constitution of the State of Georgia, ratified by the People at the general election of 1982 (effective July 1, 1983) contains at Art. I, Sec. II, Par. III, the identical language relative to the separation of powers, together with the additional provision, at Art. VI, Sec. I, Par. I, that: "The judicial power of the state shall be vested exclusively in the following classes of courts. . . ."

Hence, any proceeding under Code Ann. § 9-501 and related code sections are without Constitutional authority, and void.

Notwithstanding, and in the exercise of its exclusive jurisdiction relative to the practice of law, the Supreme Court has adopted Standard 66, Rule 4-102 of the Rules and Regulations, supra, providing: "Final conviction of any felony or misdemeanor involving moral turpitude shall be grounds for disbarment. . . . This rule shall not be construed to cause any infringement of the existing inherent right of Georgia courts to suspend and disbar lawyers from practice before them based upon conviction of a crime." The trial court based its action of disbarment upon both of these provisions, and cited, in its determination that Carpenter must be permanently disbarred from the practice of law, Code Ann. § 9-501.

To the extent that action was based upon Rule 4-102, the action of the trial court was proper; to the extent that it was based upon Code Ann. § 9-501, it was without authority.

It should be noted that on December 7, 1981, this Court approved the recommendation of the State Disciplinary Board that Carpenter's motion for voluntary suspension be granted. *In the Matter of Carpenter,* supra. The superior court entered its order of disbarment on March 12, 1982. Carpenter apparently contends that his voluntary suspension places him beyond the reach of disbarment. While it is true that the voluntary surrender of a license to practice law is the equivalent of disbarment, and a subsequent disbarment would be inappropriate, *In the Matter of Zagoria,* 248 Ga. 752 (285 SE2d 733) (1982), voluntary suspension is not the equivalent of

voluntary surrender, and the practitioner whose privilege to practice law is suspended is subject to disbarment upon a proper case.

As the superior court was empowered by the rules of this Court to order the disbarment of Carpenter by virtue of his conviction of a crime involving moral turpitude, this contention is without merit.

*Judgment affirmed. All the Justices concur, except Bell, J., who is disqualified.*

DECIDED NOVEMBER 12, 1982.

*John S. Carpenter,* for appellant.
*Robert E. Wilson, District Attorney, Ann Poe Mitchell, Assistant District Attorney,* for appellee.