777 P.2d 905

**In the Matter of Lawrence W. ALLRED, An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

No. 18416.

Supreme Court of New Mexico.

Aug. 1, 1989.

Virginia L. Ferrara, Albuquerque, for Bd.

Lawrence W. Allred, Las Cruces, pro se.

## OPINION

PER CURIAM.

This matter is before the Court following an order to show cause and an order of temporary suspension issued to Lawrence W. Allred pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 through 17–316.

Upon the Disciplinary Board's receipt of notice that Allred had been disbarred from the practice of law before the United States Court of Appeals for the Tenth Circuit because of his failure to comply with the orders of that court, disciplinary counsel filed a petition for reciprocal discipline in accordance with Rule 17–210. The petition recited that in addition to Allred's disbarment from the federal court, he had failed to respond to disciplinary counsel's inquiries concerning this matter. Rather than enter an order automatically imposing identical discipline pursuant to Rule 17–210(A), we issued an order to show cause and temporarily suspended Allred from practice before all New Mexico courts as of June 2, 1989.

Allred failed to appear at a hearing originally set for June 21, 1989, although he had been served with a copy of the show cause order. The hearing was continued, and disciplinary counsel was requested to advise the court in letter form of a recommendation for sanctions and of the applicability of the reciprocal discipline provisions to those matters where the "foreign jurisdiction" is a federal court. Counsel's recommendation, after conferring with Allred, was that Allred should be publicly censured and placed on conditional probation for a period of two years.

We agree that public censure and a period of supervised probation would be the appropriate sanction in this instance. While Allred's inattentiveness to his responsibilities to client Dwight Jackson and his failure to respond to the Tenth Circuit's order to show cause are lamentable, there is no claim by the client that he was harmed nor any statement by the judges of the Tenth Circuit that Allred's conduct was found by them to have violated any ethical rules. His privilege to practice law before that court was revoked, apparently without objection, thus Allred found no reason to respond to the order. Although Allred's actions would appear to be in violation of SCRA 1986, 16–103, 16–302, 16–304(C) and 16–804(D), our imposition of the sanction of

disbarment would be gravely unjust in this instance. *See* SCRA 1986, 17–210(C)(3).

We recognize that Rule 17–210 authorizes this Court to impose discipline identical to that imposed upon any New Mexico attorney by a "foreign jurisdiction." While the federal court system is admittedly a foreign jurisdiction, its licensing procedures are somewhat different than the procedures utilized in most states. The granting of a license to practice before a federal court is contingent upon licensure to practice before the courts of one of the fifty states. The privilege of practicing before a federal court is ordinarily granted upon the sole basis of one's admission to a state bar and without the requirement of a separate bar examination or other fitness evaluation. Similarly, the privilege of practicing before a federal court can be withdrawn summarily for violations of the court's procedural rules and without investigations, hearings, and other due process guarantees associated with disciplinary proceedings at the state level.

While Allred's failure to respond to the order of the Tenth Circuit Court of Appeals that he show cause why he should not be disciplined for his failure to complete his client's appeal is not to be commended, and while that court was certainly justified pursuant to its rules to revoke his privilege to practice before the Tenth Circuit on that basis, under the circumstances of this case we do not view the misconduct as warranting disbarment from the practice of law in New Mexico. Our position, however, should not be interpreted as a statement that one's disbarment from a federal court would never give rise to a similar sanction here. If the facts leading to the disbarment are independently investigated by the office of disciplinary counsel and found by the Disciplinary Board to involve serious violations of our Rules of Professional Conduct or to be part of a pattern of misconduct by the attorney, we have in the past imposed severe sanctions. *See In re Tapia,* 108 N.M. 650, 777 P.2d 378 (1989).

IT IS THEREFORE ORDERED that Lawrence W. Allred be and hereby is publicly censured for his conduct before the Tenth Circuit Court of Appeals and for his failure to cooperate with the office of disciplinary counsel pursuant to SCRA 1986, 17–206(A)(4).

IT IS FURTHER ORDERED that the temporary suspension imposed on June 2, 1989, be and hereby is terminated and that Allred be and hereby is reinstated to the practice of law as of August 1, 1989 on a probationary status pursuant to SCRA 1986, 17–206(B)(1), for a period of one year. The terms and conditions of his probation are as follows:

(1) He will be under the supervision of Richard J. Gallagher, Esq. and will meet with Mr. Gallagher on a regular basis to insure he meets all court deadlines and otherwise handles all assigned cases in a competent fashion to Mr. Gallagher's satisfaction;

(2) He will abstain from the use of alcohol and will continue to receive counseling for alcohol abuse;

(3) He will commit no violations of the Rules of Professional Conduct; and,

(4) He will respond promptly to any requests for information from the office of disciplinary counsel. To insure Allred's compliance with this condition, disciplinary counsel will send copies to Gallagher of any communications with Allred during this period.

Gallagher will report promptly any violations by Allred of the above terms and conditions to disciplinary counsel, who will bring them to the attention of this Court pursuant to SCRA 1986, 17–206(G). If found in contempt by this Court, Allred may receive further discipline.

Costs in the amount of $28.46 are hereby assessed against Allred and should be paid to the Disciplinary Board no later than August 1, 1989.

IT IS SO ORDERED.