In the Matter of ROBERT L. SLATER, JR., an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 12, 1990

**APPEARANCES OF COUNSEL**

*Christopher D. Kerr* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Gregory J. Perrin* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law in New York by the Appellate Division, First Department, on May 12, 1975. At all relevant times, he has maintained an office for the practice of law in the First Department. Respondent has also been admitted to the Bar of the State of Illinois since 1952, and to practice before the United States Patent and Trademark Office since 1955.

On the basis of two instances of serious neglect of client's matters before the Patent and Trademark Office (PTO) in the late 1970's, respondent was "disbarred" from practice before that office, effective June 17, 1986, after various administrative appeals before that body and the United States District Court, District of Columbia. In 1985, respondent promptly notified the Departmental Disciplinary Committee of this court of his disbarment before the PTO. After inordinate delay by the DDC, the instant disciplinary petition was filed on April 26, 1988. In an earlier order (M-1755, Dec. 21, 1988) this court found respondent guilty of professional misconduct pursuant to the doctrine of collateral estoppel and referred the matter to the DDC for a hearing as to the appropriate sanction to be imposed.

A Hearing Panel of the DDC has heard the matter, and, despite the recommendation of staff counsel that a penalty of suspension be imposed, the Hearing Panel recommends a penalty of public censure. The DDC now moves this court to confirm the Hearing Panel's report and to impose the penalty of public censure. For the following reasons, we grant the motion.

At the outset, it must be noted that "disbarment" before the PTO is not the equivalent of disbarment by this court. The PTO order of disbarment is for a period of seven years, with leave to apply for reinstatement after two years. In this regard, the "disbarment" before the PTO is akin to this court's penalty of suspension from practice for two years. For this reason, staff counsel for the DDC initially recommended a penalty of suspension for a short period of time not to extend beyond the, in effect, two-year suspension from the PTO.

However, the Hearing Panel recognized that because of the undue delay by the DDC in prosecuting this matter, imposition of such a suspension would be unduly harsh at this juncture, after the PTO sanction is essentially complete. In-

deed, respondent already has an application for reinstatement pending before the PTO. While a penalty of suspension from practice before this court coextensive with the suspension from the PTO might originally have been appropriate, we agree with the Hearing Panel that any further discipline by this court, in the nature of suspension from practice, would, at this time, be unduly harsh.

While we note that neglect of a client's matter, especially where it operates to the prejudice of the client, is a serious matter which cannot be condoned, we also note that there are significant mitigating factors present here. The two instances of neglect appear to be isolated instances, arising at a time when respondent, a sole practitioner, was under severe strain as a result of various family problems including the terminal illness of his brother, and financial pressures. In addition, respondent has an otherwise unblemished record in over 30 years of practice, including many years without incident since the time when these matters occurred.

Accordingly, the report of the Hearing Panel is confirmed and respondent is censured.

MILONAS, J. P., ROSENBERGER, ELLERIN, WALLACH and SMITH, JJ., concur.

Respondent is censured, as indicated.