IN THE MATTER OF DISCIPLINE OF
MATTHEW J. PEIRCE, ESQ.

No. 45553

February 9, 2006 128 P.3d 443

*Rob W. Bare*, Bar Counsel, Las Vegas, for State Bar of Nevada.

*Warhola & Brooks, LLP*, and *Michael J. Warhola*, Las Vegas, for attorney Matthew J. Peirce.

# OPINION

*Per Curiam:*

In this opinion, we conclude that the United States Patent and Trademark Office (USPTO) is "another jurisdiction" under SCR 114, so that reciprocal discipline in Nevada for attorney misconduct penalized by the USPTO is appropriate. We further conclude that none of SCR 114(4)'s exceptions applies, and so identical discipline shall be imposed.

## FACTS

Matthew Peirce was admitted to the Nevada bar in 1997. He is also admitted to practice before the USPTO. In July 2004, the USPTO's Director of Enrollment and Discipline[1] filed a twenty-four count complaint against Peirce. Three of the counts related to Peirce's alleged association with several invention promotion companies, and the other twenty-one counts were based on Peirce's alleged negligent handling of his clients' patent applications. Peirce answered and admitted the twenty-one negligence charges. He denied the three other counts, maintaining that his association with the invention promotion companies did not result in any misconduct.

Peirce and the Director eventually entered into a stipulated set of facts as to ten of the counts, and Peirce received a two-year suspension from practice before the USPTO, after which he may apply for reinstatement. The remaining counts were dismissed. Briefly, the stipulated facts state that Peirce signed a patentability opinion for a client that did not discuss a possible bar to any patent; failed to communicate with a client before signing a patentability opinion and failed to disclose to the client the fee arrangement with an

---

[1] The Director appears to serve much the same purpose and carry substantially similar duties as bar counsel. *Compare* 37 C.F.R. § 11.2 (2005), *with* SCR 104.

invention promotion company; and failed to file required documents with the USPTO on behalf of eight clients, resulting in their patent applications "going abandoned." It is not clear whether the clients will be able to revive the applications to protect their inventions.

Peirce, through counsel, notified the State Bar of Nevada about the discipline, as required by SCR 114(1). The state bar obtained copies of the pertinent documents and filed this petition for reciprocal discipline. Peirce answered the petition, and the state bar was granted leave to file a reply.

## DISCUSSION

*USPTO as a "jurisdiction"*

SCR 114 provides that upon learning that a Nevada attorney has been disciplined in "another jurisdiction," bar counsel is required to obtain a certified copy of the disciplinary order and file a petition for reciprocal discipline with this court. The rule does not define "another jurisdiction." Peirce argues that "another jurisdiction" includes other state bars, not administrative tribunals like the USPTO. The state bar, relying on cases from other states, contends that the USPTO is appropriately included within SCR 114's scope.

We are unaware of any case in which discipline by the USPTO was not accorded the same status as discipline by another state.[2] Additionally, as the state bar points out, the USPTO has an admission process that includes a requirement that applicants demonstrate good moral character,[3] and it has a professional responsibility code and a discipline process substantially similar to Nevada's.[4] In particular, the USPTO's disciplinary procedure provides for notice to the attorney, some discovery, the opportunity to present evidence, and a clear and convincing standard of proof.[5] Finally, the attorney has a right of review in the federal courts.[6]

We therefore conclude that "another jurisdiction" includes the USPTO. The professional conduct rules are similar, so that what

---

[2]*See People v. Bode*, 119 P.3d 1098 (Colo. O.P.D.J. 2005); *Matter of Slater*, 554 N.Y.S.2d 11 (App. Div. 1990); *Office of Disciplinary Counsel v. Colitz*, 790 N.E.2d 788 (Ohio 2003) (mem.). In addition, the state bar cited to unpublished decisions from Connecticut and Virginia. *See Statewide Grievance Committee v. Klein*, No. CV98016592, 1998 WL 881855 (Conn. Super. Ct. Nov. 30, 1998); *Matter of Mullen*, No. 02-000-1877, 2002 WL 32396989 (Va. State Bar Discp. Bd. May 6, 2002).

[3]*See* 37 C.F.R. §§ 11.1-11.11 (2005).

[4]*See id.* §§ 10.20-10.112, 10.130-10.170.

[5]*See id.* §§ 10.130-10.170.

[6]*See id.* §§ 10.155-10.157.

constitutes misconduct before the USPTO is misconduct in Nevada. For example, here, the Nevada equivalents for the rules Peirce violated are SCR 151 (competence), SCR 153 (diligence), SCR 154 (communication) and SCR 188 (professional independence of a lawyer).

*Appropriate discipline*

SCR 114(4) provides that this court "shall impose the identical discipline unless the attorney demonstrates, or this court finds, that on the face of the record" one of three conditions has been satisfied: (1) the other proceedings lacked due process, (2) there was an infirmity of proof establishing the misconduct, or (3) the misconduct warrants substantially different discipline in Nevada.

Peirce does not contend that he was deprived of due process, and indeed, the USPTO's discipline process appears to be substantially similar to Nevada's. Further, Peirce does not claim an infirmity of proof; notably, he stipulated to the facts underlying the discipline.

Peirce instead relies on the third condition: that substantially different discipline is warranted. He asserts that this matter should be remanded to a hearing panel, so that he can present mitigating evidence demonstrating that no more than a public reprimand is required. He does not identify what mitigating evidence he would present. The state bar maintains that a hearing is not required by SCR 114 and is not necessary in this case.

Significantly, the cases on which Peirce relies for the proposition that remand is appropriate in reciprocal discipline situations applied rules that either (1) require just such a remand or provide for initial review by a discipline commission, which makes recommendations to the state's high court;[7] or (2) do not contain a presumption that identical discipline be imposed.[8] Here, SCR 114 does not provide for a hearing in reciprocal discipline cases or for

---

[7]*Matter of Smith*, No. SB-02-0063-D, 2002 Ariz. LEXIS 113 (Ariz. July 9, 2002) (applying Ariz. R. S. Ct. 58, which refers a reciprocal discipline matter to a commission in the first instance); *In re Robertson*, 608 A.2d 756 (D.C. 1992) (applying D.C. Bar R. XI, § 11(c), which permits the Court of Appeals to refer a reciprocal discipline case for hearing before a disciplinary board); *In re Solerwitz*, 575 A.2d 287 (D.C. 1990) (same); *In re Cohn*, 761 N.Y.S.2d 177 (App. Div. 2003) (applying N.Y. Comp. Codes R. & Regs. tit. 22 § 603.3, which permits the attorney to demand a hearing); *In re Edelstein*, 737 N.Y.S.2d 592 (App. Div. 2002) (same).

[8]*Mississippi Bar v. Walls*, 797 So. 2d 217, 219 (Miss. 2001) (applying Miss. R. Disc. 13, which provides, "[t]he sole issue to be determined in the [reciprocal] disciplinary proceeding in this state shall be the extent of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction").

initial consideration by a hearing panel, and it provides that identical discipline shall be imposed unless an exception applies.

Moreover, Peirce has not demonstrated any additional mitigating circumstances that would warrant substantially different discipline, except for his assertion that a two-year suspension from a specialized tribunal such as the USPTO does not warrant a two-year suspension from general practice. Peirce relies on a District of Columbia Court of Appeals opinion, in which the court pointed out that a suspension that bars a lawyer from appearing in one tribunal, such as the USPTO, differs in kind and scope from a suspension by a state supreme court, prohibiting the lawyer from appearing in any of that state's courts.[9]

If Peirce's misconduct related primarily to some specialized requirement for practice before the USPTO, his arguments might be more persuasive. Here, however, the duties of competence, diligence and communication are not unique to practice before the USPTO but are required of all Nevada attorneys.

The record reflects that Peirce engaged in a pattern of neglect that harmed or potentially harmed at least ten clients, so that a suspension is appropriate. He was found to have violated the USPTO equivalents of SCR 151 (competence), by failing to address a potential bar to any patent in a patentability opinion; SCR 153 (diligence), by failing to file necessary documents, thus resulting in eight clients' applications "going abandoned"; SCR 154 (communication), by failing to communicate with a client before preparing a patentability opinion for the client; and SCR 188 (professional independence of a lawyer), by splitting fees with an invention promotion company and failing to disclose the terms of the arrangement to the client. Aggravating circumstances include a pattern of misconduct, multiple offenses and substantial experience in the practice of law. Mitigating circumstances include an absence of prior discipline and cooperation in the USPTO discipline process. Consequently, Peirce has not demonstrated that substantially different discipline is warranted.

## CONCLUSION

Peirce is suspended for two years beginning June 1, 2005, the effective date of the USPTO suspension. He may petition for reinstatement in accordance with SCR 116.[10]

---

[9]*Robertson*, 608 A.2d at 757.

[10]This opinion represents our final disposition in this matter. Any new proceedings concerning Peirce shall be docketed under a new docket number.