## S09Y0476. IN THE MATTER OF M. FRANCIS STUBBS.

(681 SE2d 113)

PER CURIAM.

This matter is before the Court on the Report and Recommendation of the Review Panel arising out of the Notice of Reciprocal Discipline sent by the State Bar to respondent M. Francis Stubbs pursuant to Rule 9.4 of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. The facts show that in 2005 a federal district court judge sitting in the United States District Court for the Southern District of Georgia found that Stubbs engaged in the unauthorized practice of law when he appeared on behalf of several clients after he had been suspended from the practice of law in the Southern District and his name removed from the roll of attorneys authorized to practice law in that district. Based on these findings, the district court held Stubbs in contempt of court in violation of Southern District of Georgia Local Rule 83.5 (c)[1] and ordered Stubbs to pay a $1,500 fine and refund fees earned in the cases in which he had appeared. The court also placed restrictions on the date and manner in which Stubbs could be readmitted to practice law in the Southern District. The State Bar filed a notice of reciprocal discipline after entry of the district court's order and both parties filed briefs with the Review Panel. In its report to this Court, the Review Panel recommends the disciplinary action be dismissed because, inter alia, an action under Local Rule 83.5 (c) is a contempt proceeding and therefore does not constitute disciplinary action against an attorney for which reciprocal discipline may be sought under Rule 9.4. We agree with the Review Panel that this disciplinary action should be dismissed but not for the reasons stated in its recommendation.

Rule 9.4 of the Georgia Rules of Professional Conduct provides that upon notification that a lawyer within the jurisdiction of the State Bar of Georgia has been disciplined by another jurisdiction, Office of General Counsel shall file a certified copy of the disciplinary

---

[1] Local Rule 83.5 (c) of the United States District Court for the Southern District provides: "Any person who is not admitted to the bar of this Court or who has been disbarred or suspended, and who exercises in this Court any of the privileges as a member of its bar, or pretends to be entitled to do so, shall be in contempt of this Court and subjected to *appropriate punishment*."

order with the Investigative Panel of the State Disciplinary Board. The Board shall then issue notice to the attorney and direct the attorney to inform General Counsel and the Review Panel of any claim based on certain enumerated grounds that the imposition of reciprocal discipline would be unwarranted. Bar Rule 9.4 (b) (1). Under Rule 9.4 (b) (5), a final adjudication in another jurisdiction of the attorney's misconduct shall "establish conclusively the misconduct or the removal from practice for purposes of a disciplinary proceeding in this State." Thus, when a Georgia lawyer is subjected to discipline in another jurisdiction, the State Bar is authorized to dispense with the traditional investigatory and fact-finding processes found in the rules of professional conduct and instead utilize an abbreviated process of reciprocal discipline in which the sole issue is whether identical discipline is warranted.

The threshold issue in this case is whether the action taken by the federal district court constitutes discipline by "another jurisdiction" for the purposes of Rule 9.4. Because reciprocal discipline is an important tool in the increasingly common national practice of law, our rules reflect a deference to the actions of other jurisdictions with respect to the attorneys over whom we share disciplinary authority. Reading our reciprocal discipline rules as a whole, however, it is clear that the deference given to disciplinary proceedings of "another jurisdiction" is predicated on the existence of comprehensive disciplinary procedures adopted by a licensing jurisdiction, that is, a jurisdiction with authority similar to that granted to this Court to assess a lawyer's professional fitness to hold a license to practice law and to resolve matters pertaining to a lawyer's professional ethics and responsibility. See *Carpenter v. State*, 250 Ga. 177 (297 SE2d 16) (1982) ("Matters relating to the practice of law, including the admission of practitioners, their discipline, suspension, and removal, are within the inherent and exclusive power of the Supreme Court of Georgia."); See Comment [1] to Bar Rule 9.4 (discussing danger to public if lawyer determined to be unfit and disbarred in one jurisdiction is permitted to practice elsewhere until a new disciplinary proceeding is instituted, tried, and concluded); Comment [2] to Bar Rule 9.4 (assuming "other jurisdiction" will have disciplinary counsel who shall notify Office of the General Counsel of the State Bar of Georgia of its disciplinary action). Accordingly, we hold that our rules governing reciprocal discipline apply only to disciplinary actions taken by other licensing jurisdictions, as opposed to entities, such as individual courts and intermediate state appellate courts, that require already licensed lawyers to obtain a special certificate to practice before them.

In this case, the federal district court judge held Stubbs in contempt of court based on his violation of a local court rule. While

the federal district court had authority to discipline or suspend Stubbs from the practice of law in its court for misconduct or violation of its local rules, the federal court was not "another jurisdiction" within the meaning of Rule 9.4 in that it has no authority to confer or revoke Stubbs' license to practice law. See *Frazier v. Heebe*, 482 U. S. 641, 648, n. 7 (107 SC 2607, 96 LE2d 557) (1987) (recognizing autonomy of state and federal bars); *Theard v. United States*, 354 U. S. 278, 281 (77 SC 1274, 1 LE2d 1342) (1957) ("The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over the conduct of their officers."). Thus, the district court's order did not trigger the truncated process of reciprocal discipline under the Rules of Professional Conduct and this Court is without authority to impose reciprocal discipline in this proceeding.

Although this Court on two previous occasions has considered the imposition of reciprocal discipline arising out of discipline imposed by a federal trial court, in neither case did we address the issue of whether a federal district court constituted "another jurisdiction" within the meaning of Rule 9.4.[2] See *In the Matter of Joyce Marie Griggs*, 277 Ga. 663 (593 SE2d 328) (2004) (imposing reciprocal discipline); *In Re Levi Breedlove*, Case No. S07Y0270, State Disciplinary Board Docket No. 4935 (2006) (holding Federal Rule 11 contempt sanctions do not fall within ambit of State disciplinary rules and are not subject to reciprocal discipline). Having now considered the meaning of the term "another jurisdiction," *Griggs* is overruled to the extent it may be interpreted as to allow the State Bar to seek reciprocal discipline based on disciplinary action taken by a federal trial court.

Our holding in this matter should not be interpreted as precluding disciplinary action in this state based on Stubbs' misconduct in the federal court. A lawyer's misconduct may be both the subject of disciplinary proceedings in this Court and the subject of discipline by the federal court pursuant to its own procedures and local rules. See *Theard*, supra. In such cases, however, the State Bar must independently investigate the facts and follow the established procedure for seeking attorney discipline and may not take advantage of the abbreviated process of reciprocal discipline under Rule 9.4.

*Dismissed. All the Justices concur, except Hunstein, P. J., Carley and Hines, JJ., who dissent.*

---

[2] We did focus in those cases, however, like we do here, on the importance of compliance with the full requirements of due process in disciplinary proceedings and the significant differences in the way in which federal and state courts admit and discipline their lawyers.

HINES, Justice, dissenting.

I respectfully dissent because the majority has imposed an unnecessary bright-line rule precluding application of Bar Rule 9.4 in all cases in which disciplinary action was taken by a federal trial court, rather than another licensing jurisdiction. In doing so it has overruled *In the Matter of Joyce Marie Griggs*, 277 Ga. 663 (593 SE2d 328) (2004), which I believe was properly decided.

In *Griggs*, this Court imposed federal-to-state reciprocal discipline under Rule 9.4 where the federal proceeding was a disciplinary action with respect to which the respondent was afforded the essential requirements of due process as they exist under Bar Rule 4-201 et seq. Other states have taken the same action in similar circumstances and "recognize discipline or sanctions imposed in federal courts for the purposes of reciprocal discipline. [Cits.]" Charles W. Wolfram, *Expanding State Jurisdiction to Regulate Out-of-State Lawyers*, 30 Hofstra L. Rev. 1015, 1034, fn. 80 (2002). Courts that have bar rules similar to those in Georgia have deemed federal court action to be the action of "another jurisdiction" for purposes of reciprocal discipline, see *In the Matter of Edwards*, 668 SE2d 791, 794 (S.C. 2008); *The Miss. Bar v. Alexander*, 669 S2d 40, 42 (Miss. 1996), and some even have allowed reciprocal discipline from actions by the United States Patent and Trademark office, see *In the Matter of Peirce*, 128 P3d 443, 444 (Nev. 2006); *People v. Bode*, 119 P3d 1098, 1100 (IV) (Colo. O.P.D.J. 2005). In fact, only one judge in the country has opined that federal-to-state reciprocal discipline is not appropriate because a federal court is not "another jurisdiction," see *The Miss. Bar v. Shah*, 749 S2d 1047, 1050 (Miss. 1999) (McRae, J., dissenting). The majority of this Court, however, now has taken that same position in lieu of holding more properly that reciprocal discipline from federal court action is not automatic, but should be analyzed with regard to whether the federal proceeding includes investigations, hearings and other due process guarantees associated with state disciplinary proceedings, see *In the Matter of Allred*, 777 P2d 905, 906 (N.M. 1989). Because there is no reason to refuse to recognize as reciprocal discipline action by a federal court taken under procedures that meet the requirements of due process and which is the functional equivalent of our state's disciplinary proceedings, *Griggs* should not be overruled and this Court should continue to review cases involving federal-to-state reciprocal discipline on a case-by-case basis without applying the majority's blanket prohibition on such action.

I am authorized to state that Presiding Justice Hunstein and Justice Carley join in this dissent.

DECIDED JUNE 15, 2009 —
RECONSIDERATION DENIED JUNE 30, 2009.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Jones, Osteen & Jones, Billy N. Jones*, for Stubbs.