S11Y0184. IN THE MATTER OF JOYCE MARIE GRIGGS.

(704 SE2d 793)

PER CURIAM.

This disciplinary matter is before the Court on the motion for reinstatement filed by Joyce Marie Griggs (State Bar No. 312109). Griggs was disbarred in 2004 after she was barred from practicing in the United States District Court for the Southern District of Georgia. *In the Matter of Griggs*, 277 Ga. 663 (593 SE2d 328) (2004). Griggs contends that because this Court subsequently determined that Rule 9.4 was inapplicable to action taken by a federal district court, see *In the Matter of Stubbs*, 285 Ga. 702 (681 SE2d 113) (2009), she is entitled to automatic reinstatement.

1. A disbarred attorney who seeks reinstatement must comply with the Rules Governing Admission to the Practice of Law, Part A, Sec. 10, which requires the filing of a Fitness Application with the Office of Bar Admissions. The application is considered by the Board to Determine Fitness of Bar Applicants, and the Board files its report with this Court, which makes the final determination regarding the certificate of fitness. Once a certificate of fitness is obtained, the applicant may apply to take the Bar examination. Because Griggs's argument is that she should be relieved of these requirements, we deem it appropriate to consider her contentions in this proceeding rather than requiring Griggs to present her argument to the Office of Bar Admissions and Board first, which are not authorized to grant the relief she seeks.

2. In the proceedings resulting in her disbarment, Griggs was found to have violated Rule 9.4 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d), which provides for reciprocal discipline. The record of her disbarment, however, also shows that Rule 9.4 was not the sole basis for her disbarment. Instead the special master considered the proceedings that occurred in federal

court and the extensive proceedings that occurred in the disciplinary process as well. The special master and this Court found that Griggs acknowledged the correctness of the factual averments that she

> made false representations to the federal district court about her actions as counsel or about her filings on behalf of her clients in various cases; that she abandoned her clients' cases by not timely filing complaints, motions, or briefs, by not responding to motions, and by not responding to court orders requiring her action to preserve her clients' claims and as a result, her clients' cases were dismissed; and that at other times, she made unwarranted or vexatious claims or defenses.

*Griggs*, 277 Ga. at 663. These findings supported the conclusions by both the special master and this Court that Griggs violated Rules 1.3 and 3.3 (a) (1) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d), which also authorize the sanction of disbarment.

Accordingly, regardless of whether *Stubbs*, 285 Ga. at 703 applies retroactively, we conclude that reinstatement is not warranted because Rule 9.4 was not the sole basis for the disbarment. We note that more than five years have passed since the disbarment and therefore Griggs is eligible to seek reinstatement under this Court's Rules Governing Admission to the Practice of Law, Part A, Sec. 10. However, if Griggs seeks reinstatement under these Rules, her application will be considered in conjunction with a disciplinary proceeding that was pending against her at the time of her disbarment and was moved to inactive status. See *In the Matter of Griggs*, S03Y1328.

*Reinstatement denied. All the Justices concur, except Benham, J., not participating.*

DECIDED JANUARY 18, 2011.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.