S10Y1629, S10Y1631. IN THE MATTER OF SAMUEL WARREN CRUSE (two cases).

(705 SE2d 664)

PER CURIAM.

These disciplinary matters are before the Court pursuant to the Report and Recommendation of the special master, Paul H. Threlkeld, who recommends that Respondent Samuel Warren Cruse (State Bar No. 000960) be disbarred. We agree.

Disciplinary action against Cruse was initially pursued as reciprocal discipline based on Cruse having been barred from the practice of law in the United States District Court for the Southern District of Georgia, but this Court dismissed that effort based on its holding in *In the Matter of Stubbs*, 285 Ga. 702 (681 SE2d 113) (2009) that reciprocal discipline applied only to disciplinary actions taken by other licensing jurisdictions as opposed to individual courts. See *In the Matter of Cruse*, 285 Ga. 673 (681 SE2d 156) (2009) (dismissed). Approximately three months later, the State Bar filed a Formal Complaint in State Disciplinary Board Docket ("SDB") No. 5329 (S10Y1629) charging that, in his representation of a client, Cruse violated numerous disciplinary rules. Cruse acknowledged service of the Formal Complaint in October 2009 and then filed a petition for voluntary discipline seeking to resolve both SDB No. 5329 and a pending disciplinary matter involving an unrelated client, SDB No. 5686 (S10Y1631), which matter had not yet progressed to a Formal Complaint.

Although it is unclear what specific violations the State Bar alleged against Cruse in SDB No. 5686, he admitted in his petition for voluntary discipline that he represented a client in a discrimination case against her federal employer in the United States District Court for the Southern District of Georgia; that the client paid him $9,000 in attorney fees in the case; that as the result of a discovery dispute, the district court imposed a monetary sanction on Cruse and his client; and that in the course of paying the sanction, he commingled his funds with those of his client. In September 2005, the district court granted summary judgment to the employer, finding that the client's case was "perhaps the most frivolous and least warranted suit that it ha[d] ever encountered." The client tried to contact Cruse about progress in her case, but was unable to do so since he relocated his office without informing her. Cruse did not furnish the client a copy of the summary judgment order until after time for

appealing it had passed. In this matter, Cruse admitted that he failed to keep the client properly informed about the progress of her case; that he failed to provide competent representation to the client; and that his charged fee was not reasonable. Thus, Cruse admitted that, with regard to SDB No. 5686, he violated Rules 1.1, 1.4, 1.5 (a), and 1.15 (I) (a) and (c) of the Georgia Rules of Professional Conduct, Bar Rule 4-102 (d).

With regard to SDB No. 5329, Cruse admitted in his petition for voluntary discipline that beginning in 2005, he represented a client in a Federal Employees' Compensation case. He did not have a written fee agreement, but the client paid him a fee of $4,000 in advance. Cruse states that he appealed the client's case to the Employees' Compensation Appeals Board, which rejected the appeal. Cruse admits that he never obtained approval of his charged fee from the Secretary of Labor, as required by federal law. Thereafter, the client sued Cruse in the Magistrate Court of Richmond County to recover the $4,000 fee and on January 11, 2007, the court entered judgment against Cruse for $4,000 on the ground that he had not obtained "approval of the fee in question pursuant to 5 USC § 8127 (b), said approval being a mandatory prerequisite." Cruse did not pay the Magistrate Court's judgment. He then filed a voluntary petition in the United States Bankruptcy Court under Chapter 7 of the Bankruptcy Code. In that petition, Cruse sought to discharge the debt owed to the client as a result of the Magistrate Court's judgment. The client, however, filed an adversary complaint against Cruse in the bankruptcy case seeking to have the $4,000 debt excepted from discharge. In an August 5, 2008 order, the Bankruptcy Court held that Cruse was properly charged with knowledge of the requirement to have his fee approved by the Secretary of Labor; that since he failed to obtain approval of the fee, he never earned *any* fee and thus was required to return the entire $4,000 to the client; that his failure to do so was a defalcation, i.e., a failure to return funds entrusted to a fiduciary; and that the client's claim was thus excepted from discharge pursuant to 11 USC § 523 (a) (4). The Bankruptcy Court then entered judgment in favor of the client and ordered Cruse to pay the client $4,000 plus costs of $250, all with interest at the rate of 2.3% until paid in full. Cruse did not pay the Bankruptcy Court's judgment. As a result of this conduct, Cruse admits that he violated Rules 1.5 (a), 1.15 (I) (a) through (c), and 1.15 (II) (a) and (b).

In light of mitigating circumstances and his agreement to refund the $4,000 fee paid by the client in SDB No. 5329, Cruse requested a suspension of six months but agreed to accept a suspension of up to a year as punishment for all of his admitted violations. The State Bar responded, asserting that a suspension was appropriate and that the interests of the public and the State Bar of Georgia would be best served by acceptance of the petition.

Despite Cruse's promise to repay the $4,000 to his client and the

special master's providing him repeated opportunities to do so, Cruse failed to repay the $4,000, and the special master therefore rejected the petition for voluntary discipline and held a hearing on the underlying disciplinary matters. At the hearing, the State Bar introduced the petition for voluntary discipline wherein Cruse recited the facts of both cases and made unconditional admissions that he had violated the specified disciplinary rules. Cruse did not controvert any of his admissions. Instead, he explained at the hearing the financial difficulties that had precluded him from repaying the client; expressed again his intention to repay the client as soon as he had the money; and asked the special master to delay his report and recommendation to allow time for repayment. Although the special master agreed, Cruse again failed to repay the money within the allotted time. Accordingly, the special master issued his final report finding, as amended, that in SDB No. 5686 Cruse admitted to violating Rules 1.1, 1.4, 1.5 (a), and 1.15 (I) (a) and (c), and that in SDB No. 5329 Cruse admitted to violating Rules 1.5 (a), 1.15 (I) (a) through (c), and 1.15 (II) (a) and (b). The special master reluctantly recommended disbarment as the appropriate sanction. As neither party sought review by the Review Panel, both parties have waived any right to file exceptions with, or make request for oral argument to, the Supreme Court. See Bar Rule 4-217 (c).

We have examined the entire record in this case, including the briefs filed in this Court by both parties. Given the unconditional admissions made by Cruse in his petition, we are constrained to agree that the record establishes that in SDB No. 5686 (S10Y1631) Cruse violated Rules 1.1, 1.4, 1.5 (a), and 1.15 (I) (a) and (c), and that in SDB No. 5329 (S10Y1629) Cruse violated Rules 1.5 (a), 1.15 (I) (a) through (c), and 1.15 (II) (a) and (b). Although it appears that Cruse has cooperated in these disciplinary proceedings and although he purports to express his sincere remorse coupled with an acceptance of responsibility, the record shows that despite his unconditional admissions to the contrary, Cruse continues to argue that, for the most part, he was not at fault in his handling of either client matter. Moreover, Cruse has a prior disciplinary history, having received an Investigative Panel Reprimand in March 1998. Finally, despite his stated intentions to refund his client the $4,000 fee, Cruse has wholly failed to do so, even though the debt has now been reduced to a court judgment. Given the circumstances of this case and the aggravating and mitigating factors, this Court agrees with the special master that disbarment is the appropriate sanction for Cruse's admitted violations. Accordingly, we hereby order that the name of Samuel Warren Cruse be stricken from the roll of attorneys authorized to practice law in this State. Cruse is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur, except Benham and Melton, JJ., who dissent.*

MELTON, Justice, dissenting.

Because I believe that, in accordance with the recommendation of the special master, Cruse should be suspended for the longer of one year or until he refunds the $4,000 in question, I respectfully dissent from the opinion of the majority.

DECIDED FEBRUARY 7, 2011 —
RECONSIDERATION DENIED MARCH 18, 2011.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar,* for State Bar of Georgia.