# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP1770-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Carl J. Schwedler, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>          Complainant,<br>     v.<br>Carl J. Schwedler,<br>          Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST SCHWEDLER

| | |
|---|---|
| OPINION FILED: | June 1, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | A.W. BRADLEY, J. concurs, joined by ABRAHAMSON, J. |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.

No.   2016AP1770-D

STATE OF WISCONSIN          :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings**
**Against Carl J. Schwedler, Attorney at Law:**

**Office of Lawyer Regulation,**                    **FILED**

           **Complainant,**

                                                   **JUN 1, 2017**

      **v.**
                                                   Diane M. Fremgen
                                                   Clerk of Supreme Court
**Carl J. Schwedler,**

           **Respondent.**

_____

      ATTORNEY   disciplinary   proceeding.   *Attorney's   license*
*suspended.*

      ¶1   PER CURIAM.   On September 12, 2016, the Office of
Lawyer Regulation (OLR) filed a complaint and motion pursuant to
Supreme Court Rule (SCR) 22.22, requesting this court suspend
Attorney Carl J. Schwedler's license to practice law in
Wisconsin for a period of six months, as discipline reciprocal
to that imposed by the United States Patent and Trademark Office
(USPTO).   The OLR asked that we order restitution as described
herein and impose costs on Attorney Schwedler.   Upon review, we

agree that it is appropriate to suspend Attorney Schwedler's law license for a period of six months.  Consistent with the terms of the decision rendered by the USPTO, if Attorney Schwedler seeks reinstatement of his license to practice law in Wisconsin, reinstatement may require Attorney Schwedler to demonstrate that he has made restitution to the client.  We decline to impose costs on Attorney Schwedler.

¶2   Attorney Schwedler was admitted to practice law in Wisconsin in 1990.  He was registered as a patent attorney by the USPTO on April 19, 1993.  He was admitted to practice law in California in 2006 and resides in California.

¶3   On October 31, 2009, Attorney Schwedler's Wisconsin law license was suspended for failure to pay State Bar of Wisconsin dues.  On June 8, 2011, his Wisconsin law license was further suspended for failure to comply with continuing legal education requirements.  Attorney Schwedler's Wisconsin law license remains administratively suspended.  In 2015, the State Bar of California transferred Attorney Schwedler to "inactive enrollment" for his failure to timely file a response to then pending disciplinary charges.  He was subsequently disbarred. On March 18, 2015, Attorney Schwedler was administratively suspended from practice before the USPTO.  He was later excluded from practice before the USPTO.[1]

---

[1] The OLR advises the court that "exclusion from practice" before the USPTO effectively means disbarment.  An attorney "excluded from practice" before the USPTO may petition for reinstatement no earlier than five years after being "excluded from practice." 37 C.F.R. §11.60.

¶4 On September 12, 2016, the OLR filed a complaint against Attorney Schwedler alleging that, by virtue of the public sanction imposed by the USPTO on March 21, 2016, Attorney Schwedler is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22.[2] On November 30, 2016,[3] this court

---

[2] The relevant portions of SCR 22.22 provide:

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the Supreme Court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the Supreme Court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(continued)

3

directed Attorney Schwedler to inform the court in writing within 20 days of any claim by him, predicated upon the grounds set forth in SCR 22.22(3), that the imposition of discipline reciprocal to that imposed by the USPTO would be unwarranted, and of the factual basis for any such claim. Attorney Schwedler did not file a response. On March 23, 2017 this court issued an order directing the OLR to respond to a series of questions regarding this matter. The OLR filed a response on April 6, 2017.

¶5 We first observe that the USPTO, a federal agency with its own licensing and disciplinary proceedings, is

---

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the Supreme Court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

[3] Some delay ensued as the OLR sought to accomplish proof of service. The OLR served Attorney Schwedler pursuant to SCR 22.13(1), sending, by certified mail, an authenticated copy of the complaint and motion and the order to answer to the most recent address Attorney Schwedler had furnished to the State Bar of Wisconsin. These documents were not returned to the OLR. The OLR also sent authenticated copies of the documents to an address on file with the State Bar of California and the USPTO, again without response.

4

appropriately considered "another jurisdiction" for purposes of our reciprocal discipline rule, SCR 22.22(1). See In Re Discipline of Peirce, 122 Nev. 77, 78, 128 P.3d 443, 443 (2006), reinstatement granted sub nom. In re Reinstatement of Peirce, No. 62091, 2014 WL 4804214 (Nev. Sept. 24, 2014); People v. Hartman, 744 P.2d 482 (Colo. 1987); People v. Bode, 119 P.3d 1098, 1100 (Colo. O.P.D.J. 2005); In Disciplinary Counsel v. Lapine, 2010-Ohio-6151, ¶¶12-14, 128 Ohio St.3d 87, 89-90, 942 N.E.2d 328, 330-31.

¶6 Accordingly, we consider the following facts, which are taken from the OLR's complaint and from the certified documents attached to the OLR's complaint relating to the underlying disciplinary proceeding.

¶7 On October 6, 2015, the United States Office of Enrollment and Discipline (OED) for the USPTO filed a disciplinary complaint against Attorney Schwedler. Attorney Schwedler failed to respond and the OED eventually sought a default judgment. On March 21, 2016, the USPTO issued an order finding Attorney Schwedler in default, such that he was deemed to have admitted the allegations in the OED's complaint. The USPTO then sanctioned Attorney Schwedler for numerous violations of the USPTO Rules of Professional Conduct. Essentially, Attorney Schwedler undertook to represent a client, G.Y., in a patent application, accepted a $1,500 retainer, and then abandoned the client and the patent application, failing to take any action on the client's behalf. The Administrative Law Judge

(ALJ) concluded that Attorney Schwedler violated USPTO Rules of Professional Conduct, as follows:

1. C.F.R §11.103 proscribes failing to act with reasonable diligence and promptness in representing a client. Respondent agreed to take over the representation of a Client on a [patent] application and told the Client that he would file a response to the June 10, 2013, Final Office Action before September 10, 2013. Respondent failed to file that response allowing the [patent] application to become abandoned. After the [patent] application became abandoned, Respondent made no efforts to revive it. These lapses constitute violations of 37 C.F.R. §11.103.

2. 37 C.F.R. §11.104(a)(3) proscribes failing to keep the client reasonably informed about the status of a matter. Respondent agreed to submit the appropriate filings to the USPTO by September 10, 2013, but failed to do so. This resulted in the [patent] application becoming abandoned. Respondent did not inform the Client of this development or that Respondent had not filed the response. It was only after the Client was notified by Respondent's former firm of the status that Respondent resumed communications with the Client. Such conduct constitutes a violation of 37 C.F.R. §11.104(a)(3).

3. 37 C.F.R. §11.104(a)(4) proscribes failing to promptly comply with reasonable requests for information. As noted [above], Respondent did not resume communications with the Client until after the Client's son began to ask about the status of the [patent] application. The Client's inquiries into the status of the [patent] application were reasonable, especially in light of the fact that the Client was notified that the application had become abandoned. However Respondent's responses, though prompt, were not compliant with the Client's requests for information, because Respondent purposely gave the Client's son incorrect information by indicating that 'everything is normal here' when in fact the [patent] application had become abandoned.

6

4. 37 C.F.R §11.115(d) proscribes failing to promptly deliver to a client any funds or property that the client is entitled to receive. After the Client informed Respondent that responsibility for the prosecution of the [patent] application had been transferred to another registered practitioner, the Client requested that the prototype for the invention be returned to the Client. Respondent, however, did not return the prototype to Respondent [sic] as requested. Accordingly, Respondent violated 37 C.F.R. §11.115(d).

5. 37 C.F.R §11.116(d) proscribes failing to surrender papers and property to which the client is entitled and to refund any advance payment of fee or expense that has not been earned or incurred upon termination of the practitioner-client relationship. The Client agreed to pay Respondent $1,500 in advance for patent legal services to be rendered. Respondent sent a retention letter noting the $1,500 fee to the Client, who promptly paid the fee. Respondent also sent the Client a September 18th invoice for $1,500, and described in the September 18th invoice the services rendered for the [patent] application as follows: 'Response to Office Action from USPTO and filing continued prosecution application.' However Respondent never earned this fee, because he never performed the services agreed to, and described by, the September 18th invoice. After the Client informed Respondent that his responsibility for the prosecution of the [patent] application had been transferred to another registered practitioner, Respondent did not return the $1,500 fee that the Client prepaid. Accordingly, Respondent violated 37 C.F.R §11.116(d).

6. 37 C.F.R. §11.804(c) proscribes conduct involving dishonesty, fraud, deceit, or misrepresentation. Respondent agreed to represent the Client and file a response to the June 10, 2013, Final Office Action. He did not do so. Yet, Respondent sent the Client an invoice suggesting that he had filed the response and was continuing with the prosecution of the application. Then after the Client's son contacted Respondent regarding the status of the [patent] application, Respondent sent an e-mail to the son stating, 'I have everything in order for filing the response' when in fact, the [patent] application had

7

become abandoned. Such statements were misleading and constitute conduct involving dishonesty and misrepresentation in violation of 37 C.F.R. §11.804(c).

7. 37 C.F.R. §11.801(b) proscribes knowingly failing to respond to lawful demands for information from a disciplinary authority. The OED sent Respondent an RFI that was never answered despite two subsequent communications prompting Respondent that his response to the RFI was due. The OED has provided documentation indicating that Respondent received all three pieces of correspondence. By failing to respond to the RFI and subsequent demands for a response, Respondent violated 37 C.F.R. §11.801(b).

8. 37 C.F.R. §11.804(d) proscribes conduct that is prejudicial to the administration of justice. Respondent failed to respond to the RFI. Respondent's conduct undermines the public's confidence in the profession's ability to regulate itself and is, therefore, prejudicial to the administration of justice in violation of 37 C.F.R. §11.801(d).

¶8 The USPTO decision deemed Attorney Schwedler's actions "knowing and intentional" and stated that they caused "actual injury" to the client and warranted "a severe sanction." Attorney Schwedler was excluded from practice before the USPTO in patent, trademark, and other non-patent cases or matters. See In the Matter of Carl J. Schwedler, Proc. No. D2015-38 (USPTO Dir. Mar. 21, 2016). As noted, "exclusion from practice" is effectively disbarment from practice before the USPTO. The order states that if Attorney Schwedler were to seek reinstatement, it may be conditioned, inter alia, upon restitution to the client.

¶9 The OLR's complaint against Attorney Schwedler alleges the following counts of misconduct:

8

> Count One: By virtue of the OED public sanction, Attorney Schwedler is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22.
>
> Count Two: By failing to notify the OLR of his OED public sanction for professional misconduct within 20 days of the effective date of its imposition, Attorney Schwedler violated SCR 22.22(1).

¶10 We conclude that the facts of record demonstrate that Attorney Schwedler violated SCR 22.22(1) by failing to notify the OLR of his suspension within 20 days of the effective date of its imposition.

¶11 Under SCR 22.22(3), in reciprocal discipline matters, this court shall impose the identical discipline unless one or more of the exceptions enumerated in the rule is shown. Attorney Schwedler has not made any claim or showing that any of the exceptions to the imposition of reciprocal discipline set forth in SCR 22.22(3) apply to this case. The OLR acknowledges that "identical" discipline cannot be imposed here because SCR 21.16(1m) does not include "exclusion" from practice before a court as a form of discipline available in Wisconsin.

¶12 The OLR also asserts that a six-month license suspension is a proper level of discipline to impose for Attorney Schwedler's misconduct. The OLR seeks a six-month suspension, rather than license revocation, because it believes that Attorney Schwedler's misconduct justifies a substantially different discipline in Wisconsin, as authorized by SCR 22.22(3)(c). Attorney Schwedler's misconduct involved neglect, misrepresentation, and failure to refund fees. The OLR asserts that in Wisconsin, such misconduct warrants a six-month

9

suspension. See In re Disciplinary Proceedings Against Hooker, 2012 WI 100, 343 Wis. 2d 397, 816 N.W.2d 310 (imposing six-month suspension in reciprocal discipline case for practicing without a license, and for neglect and lack of competence in a bankruptcy proceeding); In re Disciplinary Proceedings Against Coplien, 2010 WI 109, 329 Wis. 2d 311, 788 N.W.2d 376 (imposing six-month suspension in reciprocal matter for failing to act with reasonable diligence and promptness in representing a client, failing to keep a client reasonably informed about the status of a matter, failing to make reasonable efforts to expedite litigation consistent with the interests of the client, failing to respond to a lawful demand for information from a disciplinary authority, conduct prejudicial to the administration of justice, and conduct that tends to defeat the administration of justice or to bring the courts or the legal profession into disrepute); In re Disciplinary Proceedings Against Ring, 168 Wis. 2d 817, 484 N.W.2d 336 (1992) (imposing six month suspension in reciprocal discipline case for failure to file an appellate brief and failure to keep the client informed, and lack of candor rising to dishonesty, deceit or misrepresentation).

¶13 The OLR emphasizes that a six-month suspension requires a formal reinstatement proceeding before the suspended attorney can be reinstated to the practice of law.

¶14 We agree that identical discipline is not an option in this case so a different sanction must be imposed. It is apparent from the language in the USPTO's decision that Attorney

10

Schwedler's misconduct was serious. The sanction imposed by the USPTO requires a reinstatement proceeding. Attorney Schwedler has not responded in this matter and has not challenged the OLR's recommended sanction. Accordingly, we accept the OLR's assertion that a six-month license suspension is appropriate and we suspend Attorney Schwedler's Wisconsin law license for six months as discipline reciprocal to that imposed by the USPTO.

¶15 The OLR initially asked this court to order Attorney Schwedler to pay restitution in the amount of $1,500 to G.Y. In its April 6, 2017 filing, the OLR revised its recommendation and asks the Court to condition Attorney Schwedler's reinstatement upon making payment to the client in the amount of $1,500, consistent with the terms of the USPTO disciplinary order. We agree and direct that Attorney Schwedler's reinstatement may be conditioned upon payment of restitution to G.Y.

¶16 Finally, we decline to impose the costs of this proceeding on Attorney Schwedler. See In re Disciplinary Proceedings Against Hooker, 2012 WI 100, ¶26, 343 Wis. 2d 397, 816 N.W.2d 310 (noting that in reciprocal discipline cases where a referee is not appointed, costs are generally not imposed as there are no referee expenses and the proceedings are less involved).[4]

---

[4] The OLR inadvertently requested appointment of a referee, but later rescinded that request.

¶17 IT IS ORDERED that the license of Carl J. Schwedler to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

¶18 IT IS FURTHER ORDERED that, to the extent he has not already done so, Carl J. Schwedler shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶19 IT IS FURTHER ORDERED that compliance with all conditions of this order, compliance with all conditions of the disciplinary order imposed on him by the United States Patent and Trade Office, In the Matter of Carl J. Schwedler, Proc. No. D2015-38 (USPTO Dir. Mar. 21, 2016), and a showing that Carl J. Schwedler has paid restitution to G.Y. may be required for reinstatement. See SCR 22.29(4)(c).

¶20 IT IS FURTHER ORDERED that the administrative suspension of Carl J. Schwedler's license to practice law in Wisconsin, due to his failure to pay mandatory bar dues and failure to comply with continuing legal education requirements, will remain in effect until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1).

¶21 ANN WALSH BRADLEY, J. *(concurring).* I agree with the court's mandate but I write separately to state my disagreement with the court's statement in ¶14 of the opinion which states, "We agree that identical discipline is not an option in this case so a different sanction must be imposed." The United States Patent and Trademark Office (USPTO) excluded Attorney Carl J. Schwedler from practice. The Office of Lawyer Regulation (OLR) has advised this court that "exclusion from practice" before the USPTO effectively means disbarment for five years. Majority op., fn 1.

¶22 We could indeed impose identical discipline. We could revoke Attorney Schwedler's license to practice law in Wisconsin under SCR 21.16(1m)(a). See In re Disciplinary Proceedings Against Peiss, 2017 WI 49, ¶24, ___Wis. 2d ___, ___ N.W.2d ___, (Abrahamson, J. concurring, stating that "disbarment in Illinois appears to be identical to license revocation in Wisconsin.") Rather, in this case we exercise our discretion and opt to impose a lesser sanction in the form of a six-month suspension of Attorney Schwedler's law license. For the reasons set forth, I write separately.

¶23 I am authorized to state that Justice SHIRLEY S. ABRAHAMSON joins this concurrence.

1