In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Richard J. MARTIN, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Richard J. MARTIN, Respondent.

Supreme Court

*No. 2007AP209–D. Decided April 17, 2007.*

2007 WI 44

(Also reported in 730 N.W.2d 151.)

The Court entered the following order on this date:

This court reviews the stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney Richard J. Martin pursuant to SCR 22.12. Attorney Martin was admitted to practice law in Wisconsin in 1991. He was

subsequently admitted to practice law in Michigan in 1996. Attorney Martin's Wisconsin bar membership has been continuously suspended since October 31, 1996 for failing to pay bar dues and since June 2, 1998 for noncompliance with continuing legal education requirements.

The stipulation provides that by virtue of having received discipline in the form of a one year probationary term with conditions on his practice of law, imposed by the State of Michigan Attorney Disciplinary Board for his violation of Michigan Rules of Professional Misconduct, Attorney Martin is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22(2).

The stipulation states that Attorney Martin's Michigan misconduct consisted of failing to explain a matter to a client in a criminal matter to the extent reasonably necessary to permit his client to make informed decisions regarding representation, contrary to Michigan Rules of Professional Conduct 1.4(b), 8.4(a) and 9.104(A)(4).

The stipulation requests that this court require as a condition of his practice of law in Wisconsin that Attorney Martin fully comply with the terms of his Michigan probation as reciprocal discipline. The OLR states that pursuant to SCR 21.16(4), conditions on the continued practice of law may be imposed as discipline for attorney misconduct. The OLR further states that the terms and the conditions of probation established by the Michigan Disciplinary Board effectuate identical discipline under SCR 22.22(3). See *Disciplinary Proceedings Against Moree,* 2004 WI 118, 275 Wis. 2d 279, 684 N.W.2d 667.

SCR 22.22(3), which governs the imposition of reciprocal discipline, provides that this court "shall impose the identical discipline" with certain exceptions

not applicable here. Under SCR 22.12(2), if this court approves a stipulation, it shall impose the stipulated discipline.

Upon the foregoing, therefore,

IT IS ORDERED this court approves the stipulation and adopts the stipulated facts and conclusions of law.

IT IS FURTHER ORDERED that as reciprocal discipline, as a condition of his practice of law in Wisconsin, Attorney Martin shall fully comply with the terms of his Michigan probation as provided in the stipulation. The imposition of reciprocal discipline does not affect his suspension for nonpayment of bar dues and noncompliance with continuing education requirements.