IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Daynel L. HOOKER, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Daynel L. HOOKER, Respondent.

Supreme Court

*No. 2009AP1099–D. Decided February 26, 2010.*

2010 WI 13

(Also reported in 779 N.W.2d 419.)

¶ 1. PER CURIAM. On April 29, 2009, the Office of Lawyer Regulation (OLR) filed a disciplinary complaint

against Attorney Daynel L. Hooker seeking the imposition of discipline identical to that imposed by the Supreme Court of Colorado. Effective February 8, 2009, that court suspended Attorney Hooker's privilege to practice law in Colorado for one year and one day, with six months and one day stayed, upon the successful completion of a two-year period of probation. Upon our review of the matter, we conclude identical discipline is warranted. We order Attorney Hooker's license to practice law in Wisconsin shall be suspended for six months effective February 8, 2009, and that Attorney Hooker shall be required to successfully complete the two-year period of probation imposed by the Supreme Court of Colorado.

¶ 2. Attorney Hooker was admitted to practice law in Wisconsin in 2001 and is not licensed to practice law in the State of Colorado. She has maintained an office in Aurora, Colorado, and has practiced in the areas of federal immigration, bankruptcy, and intellectual property law.

¶ 3. The OLR has filed certified copies of the stipulation, agreement, and affidavit in the case of *The People of the State of Colorado v. Daynel L. Hooker,* Case No. 08PDJ106, filed in the Supreme Court of Colorado. Attorney Hooker and her attorney have signed the documents, which state that pursuant to Colorado Rules of Professional Conduct 8.5, effective January 1, 2008, a lawyer who is not admitted in Colorado is subject to the disciplinary authority in Colorado if the lawyer provides or offers to provide any legal services in Colorado. Attorney Hooker stipulated she was subject to the jurisdiction of the Supreme Court of Colorado in the disciplinary proceeding and subject to suspension of her privilege to practice law in Colorado, although she was not licensed to practice law in Colorado.

¶ 4. Attorney Hooker's stipulation, agreement, and affidavit admit the following misconduct. Colorado's Office of Attorney Regulation Counsel (OARC) received two notifications from Attorney Hooker's trust account bank that she had written checks without sufficient funds to cover them. On January 15, 2008, Attorney Hooker and her then associate, Tina Diaz, jointly sent letters to clients stating that Ms. Diaz would no longer be working with the firm and requesting that clients designate an attorney for continued representation. Several clients, who elected to have Ms. Diaz represent them, were entitled to reimbursement of their unearned fees from Attorney Hooker.

¶ 5. On February 1, 2008, Attorney Hooker's assistant sent Ms. Diaz a letter enclosing copies of documents transferring several client files, along with copies of cover letters to each client acknowledging selection of Ms. Diaz and copies of trust account refund checks payable to the clients, all dated January 25, 2008. Attorney Hooker did not, however, actually send the refund checks to at least four clients. She alleged that she did not know whether Ms. Diaz was entitled to the funds. According to an accounting Attorney Hooker performed at that time, however, the clients were entitled to the unearned portion of the trust account funds. Therefore, there was no justification for failing to send the checks to the former clients. Attorney Hooker failed to tell Ms. Diaz that she had decided not to send the checks to her former clients. Ms. Diaz learned of Attorney Hooker's decision only when the clients contacted Ms. Diaz regarding the non-receipt of their refund checks.

¶ 6. Based upon Attorney Hooker's records and correspondence sent to former clients, she should have had at least $8,344.32 in her trust account in late January 2008 to cover client advances. Instead, she had

an ending balance of $20.59. Attorney Hooker had converted advanced fees and costs to her use or to the use of her firm. Eventually, by the end of April 2008, Attorney Hooker sent out the refund checks.

¶ 7. Attorney Hooker made deposits to her trust account to cover the client refund checks. She subsequently transferred money from her trust account to her business account. Nonetheless, due to a shortfall in her business account, the bank withdrew funds from her trust account to cover her business account. When the refund checks were presented to the bank, insufficient funds remained in the trust account to cover them. The bank paid the checks, leaving a negative balance in the trust account. The bank sent insufficient funds notices to the OARC.

¶ 8. By failing to keep client funds in her trust account, by not timely returning client funds, by misleading Ms. Diaz about the return of client funds, and by converting unearned fees and costs to her own use, Attorney Hooker violated the Colorado Rules of Professional Conduct. Attorney Hooker has agreed that she put some of her former clients in the position of possibly being seriously harmed by withholding money owed to them, which may have precluded them from hiring another attorney in the event of deportation or other important matters. Attorney Hooker agreed she acted recklessly and should have known that she was dealing improperly with client funds. She conceded she acted with a selfish motive and that the victims of her misconduct were vulnerable. She has demonstrated remorse, has not been subject to previous discipline, and has attended trust account training. She has also engaged the services of an accountant who is knowledgeable of Colorado lawyer trust account practices. She consented to the imposition of discipline by the Supreme Court of Colorado.

¶ 9.  As discipline identical to that imposed in Colorado, the OLR moves this court to suspend Attorney Hooker's law license for six months and to require Attorney Hooker's compliance with and successful completion of Colorado's two-year period of probation. This court ordered Attorney Hooker to show cause why the imposition of discipline identical to that imposed by the Colorado Supreme Court would be unwarranted. Attorney Hooker did not file a timely response to the orders to show cause. We deny her motion to file a belated response.

██

¶ 10.  Pursuant to SCR 22.22, this court shall impose identical discipline when an attorney has been disciplined in another jurisdiction and no exceptions apply. *See* SCR 22.22.[1] Neither the OLR nor Attorney

---

[1] SCR 22.22 provides in part:  Reciprocal discipline.

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

Hooker contends, nor does this court find, that any exception exists to the imposition of identical discipline. This case, however, presents a unique circumstance in which Attorney Hooker has been disciplined in a jurisdiction where she is not licensed to practice law. To order her Wisconsin license suspension effective the date of this decision would in effect increase the length of Attorney Hooker's Colorado suspension, which would not result in an identical sanction. This unique circumstance requires the six-month license suspension in Wisconsin to be effective the same date as the Colorado suspension, February 8, 2009.

■

¶ 11.   In addition, we order that Attorney Hooker must comply with the terms and conditions of the Colorado disciplinary order. Wisconsin's rules for lawyer discipline do not provide for a stay of suspension or probation. When the other jurisdiction has imposed a form of discipline that this court does not use, we have

---

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

. . .

(6) If the discipline or license suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or license suspension imposed by the supreme court shall be held in abeyance until the stay expires.

required that the attorney comply with the terms and conditions of the other jurisdiction's disciplinary order to make the discipline identical. *See In re Disciplinary Proceedings Against Moree,* 2004 WI 118, 275 Wis. 2d 279, 684 N.W.2d 667. We do so here. Rather than ordering probation or staying any part of the suspension, we conclude that a six-month suspension of Attorney Hooker's license to practice law in Wisconsin, effective February 8, 2009, together with the requirement Attorney Hooker comply with the terms of probation set forth in Colorado's February 11, 2009, order, replicates the practical effect of the Colorado Supreme Court's disciplinary order and constitutes identical discipline.

¶ 12.   Finally, unlike Wisconsin, Colorado does not require reinstatement proceedings for Attorney Hooker's suspension. Because Attorney Hooker is not licensed to practice law in Colorado, the practical effect of a reinstatement requirement in Wisconsin would be to extend Attorney Hooker's Colorado suspension for the duration of the Wisconsin reinstatement proceedings. Therefore, for the discipline in Wisconsin to replicate the discipline in Colorado, we conclude that Attorney Hooker's unique situation warrants the elimination of the reinstatement requirement under SCR 22.28. We order that Attorney Hooker need not file a petition for reinstatement of her Wisconsin license. Rather, upon her showing that Colorado has approved Attorney Hooker's resuming the practice of law in Colorado, Attorney Hooker's Wisconsin license shall no longer be suspended for disciplinary reasons.[2]

---

[2] Neither the OLR nor Attorney Hooker addresses Attorney Hooker's obligation to pay bar dues and comply with trust account certification requirements. The identical discipline

¶ 13.   Because the OLR has not sought costs in this matter, we do not impose them.

¶ 14.   IT IS ORDERED that the license of Daynel L. Hooker to practice law in Wisconsin shall be suspended for six months, effective February 8, 2009.

¶ 15.   IT IS FURTHER ORDERED that Daynel L. Hooker shall comply with the terms and conditions of probation set forth in the Supreme Court of Colorado's order dated February 11, 2009, in *The People of the State of Colorado v. Daynel L. Hooker*, Case No. 08PDJ106, 2009 WL 133044 (Colo. O.P.D.J., Jan. 8, 2009).

¶ 16.   IT IS FURTHER ORDERED that to the extent she has not already done so, Daynel L. Hooker shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 17.   IT IS FURTHER ORDERED that the motion to extend the time to file a response to the orders to show cause is denied.

■■■■■■■

imposed here does not affect Attorney Hooker's license status based on these obligations. *See In re Disciplinary Proceedings Against Martin,* 2007 WI 44, 300 Wis. 2d 135, 730 N.W.2d 151.