In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Katharine L. TABER, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Katharine L. TABER, Respondent.

Supreme Court

*No. 2011AP2263–D.—Decided February 9, 2012.*

2012 WI 9

(Also reported in 809 N.W.2d 29.)

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶ 1. PER CURIAM. In this reciprocal discipline matter, we consider whether the license of Attorney Katharine L. Taber to practice law in Wisconsin should be suspended for a period of one year, as discipline reciprocal to that imposed by the Supreme Court of Arizona. Having received no response to the court's order to show cause, we conclude that reciprocal discipline should be imposed. We therefore suspend the license of Attorney Taber for a period of one year, order her to comply with the terms of her probation imposed by the Supreme Court of Arizona, and direct her to pay the "restitution" as required by the Supreme Court of Arizona. Because this matter has been resolved without the appointment of a referee, we do not impose the costs of this proceeding on Attorney Taber.

¶ 2. On September 28, 2011, the Office of Lawyer Regulation (OLR) initiated this proceeding against Attorney Taber by filing a complaint and an order to answer. The OLR also moved this court to issue an order directing Attorney Taber to show cause why the imposition of reciprocal discipline under SCR 22.22[1]

---

[1] SCR 22.22 states, in pertinent part, as follows:

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or

would be unwarranted. On October 13, 2011, the court issued such an order to show cause and directed Attorney Taber to file her response identifying any ground set forth in SCR 22.22(3) by November 2, 2011.

¶ 3.  The court was subsequently informed that Attorney Taber was not personally served with the complaint and order to answer until November 4, 2011. Consequently, a second order to show cause was issued directing Attorney Taber to file her response by December 5, 2011. No response from Attorney Taber has ever been filed. Consequently, the court considers this matter based upon the OLR's complaint and the attached documents from the disciplinary proceeding in Arizona.

¶ 4.  Attorney Taber was admitted to the practice of law in Wisconsin in September 1991. Her Wisconsin license is currently administratively suspended for failure to comply with mandatory continuing legal education (CLE) reporting requirements and for failure to pay bar dues and assessments.

¶ 5.  Attorney Taber was admitted to the practice of law in Arizona in October 1992. She most recently practiced law in that state under the name Katharine L. Roberts. The Supreme Court of Arizona placed Attorney Taber on "Interim Suspension" on July 21, 2010.

¶ 6.  The allegations of misconduct in the Arizona disciplinary proceeding involved three separate repre-

has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

sentations and an unrelated series of acts constituting the unauthorized practice of law while her license was suspended. Attorney Taber ultimately entered into an agreement in which she admitted many of the misconduct allegations and agreed to a one-year suspension of her license to practice law in Arizona. Her admissions formed the basis for the factual findings and legal conclusions set forth in the Arizona hearing officer's report, which were subsequently accepted by the Arizona Disciplinary Commission and the Supreme Court of Arizona.

¶ 7. In the first matter, Attorney Taber represented a husband in a child custody and divorce matter. The hearing officer found that Attorney Taber's misconduct in this matter had included failing to act diligently in representing her client, failing to expedite the litigation, knowingly disobeying an obligation under the rules of the tribunal, engaging in conduct prejudicial to the administration of justice, and knowingly violating a rule or order of the court. In one instance, Attorney Taber requested a five-minute recess during a bench trial so that she could purportedly retrieve some files from her car. When the court reconvened, the client was present but Attorney Taber had disappeared. Law enforcement located Attorney Taber the next day at her home, but she never contacted the court or opposing counsel to provide an explanation of what had happened or why she had disappeared. Attorney Taber stated that she did not do so because it was a very personal and embarrassing family matter. In this matter, the court imposed two separate judgments for fees and costs against Attorney Taber, one in the amount of $3,838.70 and a second one in the amount of $5,012. Attorney Taber did not pay these amounts by the required deadlines and did not move to vacate the judgments.

¶ 8. In the second matter, Attorney Taber represented a criminal defendant in an appeal. On multiple occasions, Attorney Taber failed either to file an opening appellate brief or to request an extension of time by the due date, which was nonetheless subsequently extended by the appellate court. Because of her failure to file the brief in a timely manner, Attorney Taber was obligated to appear at a show cause hearing. Attorney Taber did not appear. Based on statements made by Attorney Taber to her assistant, the assistant told court staff that Attorney Taber did not think she had to appear because she had mailed the brief a week before the show cause hearing. This was a false statement. Attorney Taber asserted she was unaware that her assistant had made these statements to court staff until a later time, but she did not correct the inaccuracy. The appellate court ultimately fined Attorney Taber $1,050 as a sanction for the late filing of the brief. The hearing officer concluded that Attorney Taber had committed professional misconduct in this matter consisting of failing to act diligently in representing her client, failing to comply promptly with reasonable requests for information, failing to expedite the litigation, making a false statement of fact or failing to correct a false statement of fact previously made to a tribunal, knowingly disobeying an obligation of the tribunal, violating or attempting to violate the Arizona Rules of Professional Conduct through the acts of another, engaging in conduct prejudicial to the administration of justice, and knowingly violating a rule or order of the court.

¶ 9. The third matter involved Attorney Taber's representation of a defendant before a trial court. Attorney Taber failed to appear for a scheduled jury trial, forcing the court to discharge the jury panel that had been assembled. A half hour after the scheduled

start time, Attorney Taber's assistant notified the court that Attorney Taber had fallen at home, was at an urgent care medical facility, and would not be able to appear for the trial. The trial court issued an order directing Attorney Taber to show cause why she should not be held in contempt for failing to appear for trial. The trial court stated on the record that there had been prior instances where proceedings in the case had been interrupted due to Attorney Taber's conduct. Attorney Taber testified at the contempt hearing that she had fallen in her home on the day of the trial, but had not sought medical attention. The trial court ultimately found that Attorney Taber had willfully failed to properly notify the court of her alleged inability to proceed with the jury trial and imposed a $300 fine. Attorney Taber did not pay the fine by the required date, but did pay it at a later time. The hearing officer concluded that in this matter Attorney Taber had knowingly disobeyed an obligation under the rules of the tribunal, had engaged in conduct prejudicial to the administration of justice, and had knowingly violated a rule or order of the court.

¶ 10. The final set of misconduct findings related to Attorney Taber's engaging in the practice of law after her Arizona license had been suspended due to the nonpayment of dues. Attorney Taber was notified in March 2009 that her name was going to be presented to the Arizona Board of Governors for suspension because of the failure to pay dues. Attorney Taber subsequently discussed with representatives of the Arizona State Bar that her license had been suspended. On at least three occasions involving three separate clients, however, Attorney Taber engaged in the practice of law while her license was suspended. The hearing officer concluded that Attorney Taber had committed professional mis-

conduct by engaging in the unauthorized practice of law and engaging in conduct prejudicial to the administration of justice.

¶ 11.   The Arizona hearing officer recommended the one-year suspension, retroactive to the date of Attorney Taber's interim suspension, that was jointly requested by the parties. In discussing various aggravating and mitigating factors, the hearing officer found that Attorney Taber had endured a number of traumatic events over a short period of time, which had drastically changed every aspect of her life and had impaired her ability to maintain her law practice.

¶ 12.   The hearing officer's findings of fact, conclusions of law, and sanction recommendations were accepted by the Arizona Disciplinary Commission and the Supreme Court of Arizona. The Arizona Supreme Court suspended Attorney Taber's license to practice law in Arizona for a period of one year, retroactive to July 21, 2010, when she had been placed on Interim Suspension. It also placed Attorney Taber on probation with a number of terms and conditions for a period of two years after her reinstatement. It further required as "restitution" that by a specified date Attorney Taber had to either pay the two cost judgments imposed in the first matter discussed above or reach a payment agreement, unless she was able to have those judgments vacated in the interim.

¶ 13.   As noted above, Attorney Taber has not alleged to this court that any of the reasons set forth in SCR 22.22(3) are present in this matter and require the imposition of substantially different discipline. We also conclude that none of the three grounds set forth in SCR 22.22(3) are present here. We therefore impose the identical one-year period of suspension imposed by the Supreme Court of Arizona, although we do not make it

retroactive since Attorney Taber's license to practice law in Wisconsin was not previously temporarily suspended in connection with this matter, as her Arizona license had been.[2] We further require Attorney Taber to comply with the probation and restitution obligations imposed by the Supreme Court of Arizona. Finally, because it has not been necessary to appoint a referee in this state, we do not impose the costs of this proceeding on Attorney Taber.

¶ 14. IT IS ORDERED that the license of Katharine L. Taber to practice law in Wisconsin is suspended for a period of one year, effective the date of this order.

¶ 15. IT IS FURTHER ORDERED that Katharine L. Taber shall comply with all of the probation and restitution obligations imposed in the June 15, 2011, Judgment and Order of the Supreme Court of Arizona.

¶ 16. IT IS FURTHER ORDERED that Katharine L. Taber shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 17. IT IS FURTHER ORDERED that no costs shall be assessed against Katharine L. Taber.

■

[2] We note that a one-year suspension will require Attorney Taber to undergo the formal reinstatement procedure set forth in SCRs 22.29 through 22.33. In addition, Attorney Taber will also separately have to seek reinstatement from the administrative suspensions for failure to comply with mandatory CLE reporting requirements and for failure to pay bar dues and assessments.