In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Daynel L. HOOKER, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant,

v.

Daynel L. HOOKER, Respondent.

Supreme Court

*No. 2011AP737–D.—Decided July 18, 2012.*

2012 WI 100

(Also reported in 816 N.W.2d 310.)

¶ 1. PER CURIAM. In this reciprocal discipline matter, we review whether to impose a six-month suspension and conditions on the license of Attorney Daynel L. Hooker to practice law in Wisconsin, as discipline reciprocal to that imposed by the State of Colorado.

¶ 2. Consistent with our decision imposing reciprocal discipline on Attorney Hooker in a prior case, *In re Disciplinary Proceedings Against Hooker,* 2010 WI 13,

322 Wis. 2d 552, 779 N.W.2d 419 ("*Hooker I*"), we determine that Attorney Hooker's license to practice law in Wisconsin should be suspended for a period of six months, retroactive to the date of her Colorado suspension; that she should be required to comply with the terms and conditions of the probation imposed in Colorado; that despite the six-month suspension, she should be reinstated without having to complete the formal reinstatement process; and that she should not be required to pay the costs of this proceeding.

¶ 3. The Office of Lawyer Regulation (OLR) filed a complaint against Attorney Hooker and an order to answer on April 4, 2011. Embedded within the complaint was a motion asking this court to issue an order directing Attorney Hooker to show cause why any of the exceptions to reciprocal discipline in SCR 22.22(3)[1] applies and why reciprocal discipline should not be imposed. The complaint and order to answer were personally served on Attorney Hooker on June 9, 2011.

¶ 4. Ordinarily, when an OLR complaint seeks reciprocal discipline, the court immediately issues an order to show cause. In most instances, after the respondent attorney has filed a response to the order or

---

[1] SCR 22.22(3) states:

The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

the time to respond has expired, this court then considers the matter directly (without the appointment of a referee) and issues a final decision. In this case, however, a referee was inadvertently appointed.

¶ 5. After his appointment, the referee sent a letter to the parties directing them to consult about some proposed times for a telephonic scheduling conference. The OLR's counsel sent a letter to Attorney Hooker at two different addresses proposing four dates for the scheduling conference. Neither letter was returned, but Attorney Hooker did not respond.

¶ 6. Because Attorney Hooker had also not filed an answer or other responsive pleading to the complaint, the OLR then filed a motion for a declaration of default. The referee sent out an order scheduling the default motion for a hearing on September 14, 2011. At the hearing, the referee indicated that he had sent the order to two addresses in Colorado and that while one of the envelopes had been returned as undeliverable, the other envelope had not been returned. Attorney Hooker did not file any response to the OLR's default motion nor did she appear at the September 14, 2011 hearing. The referee therefore declared Attorney Hooker to be in default and proceeded on the basis of the allegations in the OLR's complaint.

¶ 7. The referee subsequently issued his report and recommendation. No appeal from that report has been filed, which brings the matter to us for consideration pursuant to SCR 22.17(2).[2] Accordingly, we turn

---

[2] SCR 22.17(2) states:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional

to Attorney Hooker's disciplinary history and the referee's factual findings as to Attorney Hooker's conduct.

¶ 8.   Attorney Hooker was admitted to the practice of law in Wisconsin in June 2001. She is not licensed in Colorado, but has nonetheless maintained a law office in that state for a number of years. Colorado law permits an attorney to operate a law office in that state even if licensed only in another state as long as the attorney practices solely in areas of federal law. Attorney Hooker's practice focused on federal immigration law, bankruptcy law, and intellectual property law. Under Colorado Rule of Professional Conduct (Colo. RPC) 8.5, a lawyer who provides or offers to provide any legal services in Colorado is subject to the disciplinary authority of that state even if the attorney is not licensed in that state.

¶ 9.   Attorney Hooker has received public discipline in Wisconsin on one previous occasion. In *Hooker I* this court was confronted with the situation where the Colorado disciplinary authorities had suspended Attorney Hooker's privilege to practice law in Colorado for a period of one year and one day, but had stayed six months and one day of that suspension period so long as Attorney Hooker successfully completed a two-year period of probation. 322 Wis. 2d 552, ¶ 1. Attorney Hooker's misconduct in that case involved failing to return unearned advance fees to her former clients in a timely manner, failing to maintain client funds in a trust account, temporarily converting client funds to her own personal use, and misleading a former associate attorney about the return of the unearned fees. *Id.,* ¶¶ 4–8.

findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

401

¶ 10. In order to impose an effectively identical sanction, this court suspended Attorney Hooker's license for a period of six months. *Id., ¶* 14. Because of Attorney Hooker's unique situation where she was practicing in Colorado on the basis of a Wisconsin license, we made her suspension retroactive to the date of the suspension imposed in Colorado, and we eliminated the usual requirement of a formal reinstatement proceeding for suspensions of six months or more. *Id.,* ¶¶ 10, 12; *see also* SCRs 22.29 to 22.33. Because this court does not utilize probation as a form of discipline, we further directed Attorney Hooker to comply with the terms and conditions of the Colorado probation. 322 Wis. 2d 552, ¶ 15. Finally, we did not impose the costs of that proceeding on Attorney Hooker as it had followed the normal procedure for reciprocal discipline cases where no referee is appointed. *Id., ¶* 13.

¶ 11. In addition to the prior disciplinary suspension, Attorney Hooker's license was temporarily suspended in March 2012 due to her willful failure to cooperate with another grievance investigation by the OLR. Her Wisconsin license was also administratively suspended in October 2011 due to her failure to pay bar dues and assessments and her failure to file the required trust account certification, and in June 2012 due to her failure to comply with mandatory continuing legal education reporting requirements. Her license remains subject to these temporary and administrative suspensions.

¶ 12. The misconduct that led to the Colorado suspension that is at issue in this proceeding related to two separate client representations. The specific facts regarding Attorney Hooker's misconduct are set forth in two documents from the Colorado disciplinary proceeding that were attached to the OLR's complaint and

admitted by Attorney Hooker's default: (1) "Stipulation, Agreement and Affidavit Containing the Respondent's Conditional Admission of Misconduct" (the Colorado Stipulation) and (2) "Order Approving Conditional Admission of Misconduct and Imposing Sanctions Pursuant to C.R.C.P. 251.22" (the Colorado Order).

¶ 13.    In the first representation, Attorney Hooker was retained to reopen a bankruptcy proceeding that had been dismissed without prejudice. Attorney Hooker was able to have the proceeding reopened, but made a number of missteps. She failed to file a certificate regarding objections to an amended Chapter 13 plan she had submitted. Attorney Hooker then failed to appear at a confirmation hearing for the amended plan, which resulted in the denial of confirmation for the plan. The bankruptcy court ordered Attorney Hooker to file another amended plan in late December 2009. Attorney Hooker was out of the office for apparently an extended period of time that month, and neither she nor her associates filed the amended plan by the deadline, which resulted in the bankruptcy court again dismissing the client's bankruptcy petition. When one of Attorney Hooker's associates moved to reinstate the case, the bankruptcy court denied the motion, noting Attorney Hooker's "persistent pattern of inattention to court orders and Bankruptcy Code requirements dating from attorney Hooker's first appearance in the case." In the Colorado Stipulation Attorney Hooker admitted that her conduct in this representation had violated Colo. RPCs 1.1 (competence) and 1.3 (neglect).

¶ 14.    As noted above, by virtue of her Wisconsin license, Attorney Hooker could practice law in the federal courts in Colorado, but could not maintain a

403

general practice involving Colorado law. The second representation involved Attorney Hooker's practice of Colorado law despite the lack of a law license issued by that state. Specifically, Attorney Hooker drafted wills for a Colorado husband and wife and also counseled the couple on basic estate planning matters, including powers of attorney, real property, bank accounts, and stocks. Attorney Hooker stipulated that her conduct in this matter had violated Colo. RPC 5.5(a) (2007 and prior), which stated that "[a] lawyer shall not practice law in a jurisdiction where doing so violates the regulations of the legal profession in that jurisdiction."

¶ 15. Pursuant to the Colorado Stipulation, the Colorado Presiding Disciplinary Judge[3] issued an order suspending Attorney Hooker's privilege to practice law in Colorado for a period of one year and one day, with six months and one day of that suspension stayed pending her successful completion of a two-year period of probation. The order imposed a number of conditions that Attorney Hooker was required to satisfy as part of her probation. The order also required Attorney Hooker to pay an agreed upon amount of costs ($91.00).

¶ 16. Based on Attorney Hooker's default, the referee in this case found the allegations of the OLR's

---

[3] According to the web site of the Supreme Court of Colorado, it created the Office of the Presiding Disciplinary Judge to hear attorney discipline cases. The Presiding Disciplinary Judge is empowered to issue orders imposing discipline on attorneys in that state. An attorney subject to such an order is able to file an appeal to the Supreme Court of Colorado, but is not obligated to do so. Thus, as in the Colorado disciplinary proceeding at issue here, where the order imposing discipline was the result of a stipulation, the disciplinary order was issued by the Colorado Presiding Disciplinary Judge rather than the Supreme Court of Colorado.

complaint to have been deemed admitted for purposes of this proceeding. The referee concluded that Attorney Hooker had not made any claim or showing that any of the exceptions to the imposition of reciprocal discipline set forth in SCR 22.22(3) applied to this case. Thus, the referee further concluded that, due to the imposition of public discipline in Colorado, Attorney Hooker was subject to the imposition of reciprocal discipline in this state.

¶ 17. The referee in this case recommended that the court treat this matter the same way it handled the reciprocal discipline in *Hooker I*. Specifically, the referee recommended that this court impose a six-month suspension of Attorney Hooker's license to practice law in Wisconsin and require her to comply with the terms and conditions of the Colorado probation. The referee further recommended that the suspension be made retroactive to the date of the Colorado suspension.

¶ 18. The referee did deviate from this court's prior decision in *Hooker I* by recommending that the court in this matter require Attorney Hooker to pay the full costs of this proceeding. As support for that recommendation, the referee pointed to the fact that costs had been imposed in the Colorado proceeding, and suggested that reciprocity required the imposition of costs in Wisconsin. Moreover, although the referee acknowledged that costs had not been imposed by this court in the prior decision, he said that Attorney Hooker had been on notice in the present case that the OLR was seeking an award of costs, at least by virtue of the OLR's default motion.[4]

---

[4] The OLR's default motion did include a request that the referee recommend that Attorney Hooker be required to pay the full costs of this proceeding.

¶ 19. When reviewing a referee's report and recommendation, we affirm a referee's findings of fact unless they are found to be clearly erroneous, but we review the referee's conclusions of law on a de novo basis. *In re Disciplinary Proceedings Against Inglimo,* 2007 WI 126, ¶ 5, 305 Wis. 2d 71, 740 N.W.2d 125. We determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation, but benefiting from it. *In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686. Because the present case involves the imposition of reciprocal discipline, the applicable rule states that we "shall impose" identical discipline unless one of the three listed exceptions applies. SCR 22.22(3).

¶ 20. In this case we adopt the referee's findings of fact and agree with the referee that Attorney Hooker failed to join issue with the OLR's complaint. She was therefore properly found to be in default, and the allegations of the OLR's complaint are deemed admitted. Thus, it is accepted as true that Attorney Hooker received public professional discipline in the state of Colorado. Further, we also conclude that none of the three exceptions to the imposition of reciprocal discipline applies.

¶ 21. We agree with the referee that we should follow the same path we took in *Hooker I* for imposing discipline that has an identical effect as the partially stayed suspension imposed in Colorado. We will therefore suspend Attorney Hooker's license to practice law in Wisconsin for a period of six months, as that is the actual amount of time that Attorney Hooker could not practice law in any form in Colorado under that state's suspension.

¶ 22. As we did in *Hooker I*, we will make the suspension retroactive to March 1, 2011, the effective date of the Colorado suspension. Because of the unique circumstance where Attorney Hooker has been disciplined in a jurisdiction where she is not licensed to practice law, making the suspension prospective would effectively make the period of suspension much longer than in the usual reciprocal discipline situation because she would not be able, as a practical matter, to practice law at all during the period of both the Colorado and Wisconsin suspensions. A prospective suspension would therefore not result in an identical sanction. *See Hooker I*, 322 Wis. 2d 552, ¶ 10. Making the current suspension retroactive will maintain consistency with our previous decision.

¶ 23. Moreover, we note that the OLR's complaint did not contain a second count alleging that Attorney Hooker had failed to notify it of the Colorado suspension, in violation of SCR 22.22(1).[5] The OLR routinely includes such a count in its reciprocal discipline complaints when the attorney has failed to notify it of the public discipline imposed in another jurisdiction. Thus, although there is no explicit statement in the referee's report that Attorney Hooker did notify the OLR of the Colorado suspension, that is a reasonable inference here that provides some additional support for the fairness of a retroactive suspension in this case.

[5] SCR 22.22(1) states:

An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

¶ 24. Given the same conditions that were present in *Hooker I,* we will not require Attorney Hooker to complete the full reinstatement process that a six-month suspension in this state normally requires. *See Hooker I,* 322 Wis. 2d 552, ¶ 12. Upon Attorney Hooker's showing that Colorado has approved Attorney Hooker's resumption of the practice of law in Colorado, Attorney Hooker's Wisconsin license shall be reinstated from the disciplinary suspension imposed in this proceeding.[6]

¶ 25. To the extent that Attorney Hooker currently remains subject to the period of probation in Colorado, we will require Attorney Hooker to comply with the terms and conditions of that Colorado probation. Again, this is consistent with our decision in *Hooker I.* 322 Wis. 2d 552, ¶ 11.

¶ 26. We do not agree with the referee's recommendation that Attorney Hooker should be required to pay the full costs of this proceeding. If this case had followed the standard procedure for reciprocal discipline complaints, an order to show cause under SCR 22.22(2)(b) would have been issued immediately following the ser-

---

[6] The reinstatement of Attorney Hooker's license to practice law in Wisconsin from the disciplinary suspension imposed in this opinion and order will not automatically allow Attorney Hooker to practice law again. Her license remains subject to administrative suspensions and a temporary suspension for her failure to cooperate in another grievance investigation. Attorney Hooker will need to comply with the reinstatement procedures that apply to such suspensions. *See In re Disciplinary Proceedings Against Martin,* 2007 WI 44, 300 Wis. 2d 135, 137, 730 N.W.2d 151 (published order; imposition of reciprocal discipline did not affect administrative suspensions for failure to pay bar dues and assessments and for noncompliance with continuing legal education requirements).

vice of the complaint on Attorney Hooker, and no referee would have been appointed. In such reciprocal discipline cases where a referee is not appointed, costs are generally not imposed as there are no referee expenses and the proceedings are less involved. *See, e.g., In re Disciplinary Proceedings Against Eichhorn-Hicks,* 2012 WI 18, ¶ 13, 338 Wis. 2d 753, 809 N.W.2d 379; *In re Disciplinary Proceedings Against Taber,* 2012 WI 9, ¶ 13, 338 Wis. 2d 534, 809 N.W.2d 29. The OLR usually does not even request costs in such cases. It would not be fair that Attorney Hooker should be made to pay the costs of this proceeding when other attorneys in the same situation have not been made to do so. The proceedings before the referee and the concomitant expenses resulted from the inadvertent appointment of a referee in this proceeding, which Attorney Hooker did not cause. Therefore, we do not impose the costs of this proceeding on her.

¶ 27.   IT IS ORDERED that the license of Daynel L. Hooker to practice law in Wisconsin shall be suspended for six months, effective March 1, 2011.

¶ 28.   IT IS FURTHER ORDERED that upon a competent showing that the state of Colorado has authorized Attorney Hooker to resume the practice of law in that state based on her Wisconsin license, the license of Daynel L. Hooker to practice law in Wisconsin shall be reinstated from the disciplinary suspension imposed in this proceeding. Such reinstatement shall not terminate or affect any temporary or administrative suspensions that remain pending against Attorney Daynel L. Hooker.

¶ 29.   IT IS FURTHER ORDERED that Daynel L. Hooker shall comply with the terms and conditions of probation set forth in the "Order Approving Conditional Admission of Misconduct and Imposing Sanctions Pursuant to C.R.C.P. 251.22," which was issued and entered

by the Colorado Presiding Disciplinary Judge on March 3, 2011, in Case No. 10PDJ062.

¶ 30. IT IS FURTHER ORDERED that to the extent she has not already done so, Daynel L. Hooker shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.