# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP28-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Daynel L. Hooker, Attorney at Law: |
| | |
| | Office of Lawyer Regulation, |
| |        Complainant, |
| |    v. |
| | Daynel L. Hooker, |
| |        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST HOOKER

| | |
|---|---|
| OPINION FILED: | June 19, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|    COURT: | |
|    COUNTY: | |
|    JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|    CONCURRED: | |
|    DISSENTED: | |
|    NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2014AP28-D

STATE OF WISCONSIN      :      IN SUPREME COURT

**In the Matter of Disciplinary Proceedings
Against Daynel L. Hooker, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

   **v.**

**Daynel L. Hooker,**

      **Respondent.**

**FILED**

**JUN 19, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1 PER CURIAM. Attorney Daynel L. Hooker has filed a petition for the consensual revocation of her license to practice law in Wisconsin pursuant to SCR 22.19.[1] Attorney

---

[1] SCR 22.19 provides as follows:

Petition for consensual license revocation.

(1) An attorney who is the subject of an investigation for possible misconduct or the respondent in a proceeding may file with the supreme court a petition for the revocation by consent or his or her license to practice law.

Hooker's petition states that she cannot successfully defend against seven Office of Lawyer Regulation (OLR) grievance investigations in which the Preliminary Review Committee (PRC) found cause to proceed as to 35 counts of misconduct. Attorney Hooker's petition further states that she cannot successfully defend against the misconduct described in an October 18, 2013 Opinion and Decision of the Colorado Supreme Court, which disbarred Attorney Hooker for misconduct involving various client matters.

---

(2) The petition shall state that the petitioner cannot successfully defend against the allegations of misconduct.

(3) If a complaint has not been filed, the petition shall be filed in the supreme court and shall include the director's summary of the misconduct allegations being investigated. Within 20 days after the date of filing of the petition, the director shall file in the supreme court a recommendation on the petition. Upon a showing of good cause, the supreme court may extend the time for filing a recommendation.

(4) If a complaint has been filed, the petition shall be filed in the supreme court and served on the director and on the referee to whom the proceeding has been assigned. Within 20 days after the filing of the petition, the director shall file in the supreme court a response in support of or in opposition to the petition and serve a copy on the referee. Upon a showing of good cause, the supreme court may extend the time for filing a response. The referee shall file a report and recommendation on the petition in the supreme court within 30 days after receipt of the director's response.

(5) The supreme court shall grant the petition and revoke the petitioner's license to practice law or deny the petition and remand the matter to the director or to the referee for further proceedings.

¶2 Attorney Hooker was admitted to practice law in Wisconsin in 2001. She primarily practiced in Colorado, though she has never been licensed to practice law in Colorado. She maintained a federal law practice concentrating on immigration, bankruptcy, and intellectual property law.

¶3 Under Colorado Rule of Professional Conduct 8.5, a lawyer who provides or offers to provide any legal services in Colorado is subject to the disciplinary authority of that state even if the attorney is not licensed in that state. Attorney Hooker has been disciplined twice by the Colorado Supreme Court, resulting in two reciprocal discipline matters in Wisconsin. In 2010 this court suspended Attorney Hooker for six months, effective February 8, 2009, as discipline reciprocal to that imposed by the Colorado Supreme Court. In re Disciplinary Proceedings Against Hooker, 2010 WI 13, 322 Wis. 2d 552, 779 N.W.2d 419. In 2012 this court again suspended Attorney Hooker for six months, retroactive to March 1, 2011, as discipline reciprocal to that imposed by the Colorado Supreme Court. In re Disciplinary Proceedings Against Hooker, 2012 WI 100, 343 Wis. 2d 397, 816 N.W.2d 310.

¶4 Attorney Hooker's Wisconsin law license is under administrative suspension. She has failed to cooperate with OLR grievance investigations, failed to pay State Bar of Wisconsin dues, and failed to comply with continuing legal education requirements.

¶5 Attached to Attorney Hooker's petition for revocation are the following two documents: (1) a completed but unfiled

3

OLR disciplinary complaint alleging 35 counts of misconduct involving seven client matters; and (2) a certified copy of an October 18, 2013 Opinion and Decision of the Colorado Supreme Court ("Colorado disciplinary decision"). The Colorado disciplinary decision concerns misconduct involving eight client matters, two of which are also presented in the OLR's unfiled disciplinary complaint. The Colorado disciplinary decision disbars Attorney Hooker from the practice of law in Colorado.

¶6 It is not necessary to describe the particular factual allegations of each representation. A synopsis of the information contained in the attachments to Attorney Hooker's petition for revocation will provide a sufficient description of the nature and scope of her professional misconduct.

¶7 The completed but unfiled OLR disciplinary complaint alleges violations of the following rules, many of which the OLR alleges Attorney Hooker violated on multiple occasions: SCR 20:1.1 (failing to provide competent representation to a client); SCR 20:1.3 (failing to act with reasonable diligence and promptness in representing a client); SCR 20:1.4(a)(3) (failing to keep a client reasonably informed about the status of a matter); SCR 20:1.4(a)(4) (failing to promptly comply with reasonable requests by the client for information); SCR 20:1.5(b)(1) (failing to adequately explain the basis on which lawyer's fee would be calculated); SCR 20:1.5(b)(2) (failing, where the total cost of the representation is more than $1,000, to communicate in writing to the client the purpose and effect of any retainer or advance fee that is paid to the

4

lawyer); SCR 20:1.15(b)(4) (failing to deposit advanced payments of fees and costs into trust account); SCR 20:1.16(d) (failing to take steps to protect a client's interests upon termination of representation); SCR 20:5.5(a)(1) (practicing law in a jurisdiction where doing so violated the regulation of the legal profession in that jurisdiction); SCR 20:8.4(a) (violating the Rules of Professional Conduct); SCR 20:8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); SCR 22.03(2) (failing to cooperate with an OLR investigation); and SCR 22.03(6) (failing to provide relevant information, to answer questions fully, or to furnish documents in the course of an OLR investigation).

¶8 In the Colorado disciplinary decision, the Colorado Supreme Court disbarred Attorney Hooker based on the following ethical violations under the Colorado Rules of Professional Conduct, many of which the Colorado Supreme Court determined Attorney Hooker committed on multiple occasions: practicing law in a jurisdiction where doing so violates the applicable regulations of the legal profession; failing to hold property in a trust account separate from the lawyer's own property; failing, upon a client's request, to promptly render a full accounting regarding funds in which the client has an interest; failing to protect the client's interest by surrendering papers and property to which the client is entitled and to refund any unearned fees or expenses; committing conduct involving dishonesty, fraud, deceit, or misrepresentation; failing to act with reasonable diligence and promptness when representing a

client; failing to keep a client reasonably informed about the status of a matter; failing to promptly comply with reasonable requests for information; failing to communicate to a client, in writing, the basis or rate of the fee and expenses within a reasonable time after commencing the representation; and failing to respond to a lawful demand for information from a disciplinary authority.

¶9 Attorney Hooker's petition for consensual revocation states that she cannot successfully defend against the professional misconduct alleged in the OLR's unfiled complaint and described in the Colorado disciplinary decision. She states that she is seeking consensual revocation freely, voluntarily, and knowingly. She confirms her understanding that she is giving up her right to contest the OLR's allegations and to have a public hearing at which she could present evidence in her defense. She further acknowledges that she has been given the opportunity to consult with counsel and that she has declined to do so.

¶10 The OLR's report and recommendation in support of the petition contains a restitution request. Specifically, the OLR requests that Attorney Hooker be ordered to pay restitution in the amount of $1,130 to former client D.W.; $2,720 to former client J.T.S.; $4,610 to former client G.K.; $2,310 to former client H.O.; and $1,660 to former client K.V. Attorney Hooker's petition states that she agrees that she should be ordered to pay these restitution amounts.

6

¶11 Having reviewed Attorney Hooker's petition, the OLR's completed but unfiled disciplinary complaint, and the October 18, 2013 Opinion and Decision of the Colorado Supreme Court, we conclude that the petition for consensual revocation should be granted. It is clear from the descriptions of the various representations that Attorney Hooker has engaged in a widespread pattern of serious professional misconduct that has harmed her clients. It is also clear that Attorney Hooker is currently unwilling or unable to conform her conduct to the standards that are required to practice law in this state.

¶12 Attorney Hooker asks the court to make her revocation go into effect retroactively, to a date in March 2012 when the Colorado Supreme Court temporarily suspended the Colorado disciplinary proceedings due to Attorney Hooker's allegation that a disability impaired her ability to defend herself. We note that the Colorado Supreme Court later lifted the stay of the Colorado disciplinary proceedings and proceeded to disbar Attorney Hooker, without making her disbarment retroactive.

¶13 We deny Attorney Hooker's request for a retroactive revocation date. Customarily, the effective date of a license revocation to be imposed for a lawyer's misconduct is the date of this court's order imposing the revocation. We see no reason to depart from that practice here.

¶14 We further determine, in light of the OLR's report and Attorney Hooker's agreement, that Attorney Hooker should be required to pay restitution in the amount of $1,130 to former client D.W.; $2,720 to former client J.T.S.; $4,610 to former

7

client G.K.; $2,310 to former client H.O.; and $1,660 to former client K.V.

¶15  We note that the OLR does not seek costs. Accordingly, no costs will be imposed.

¶16  Finally, we note that Attorney Hooker states in her petition for consensual license revocation that "a medical incapacity impaired my ability to represent my clients during the period of time in which my misconduct occurred."  Because Attorney Hooker is seeking a consensual revocation, and not an indefinite suspension for medical incapacity (see SCR 22.34), we deem irrelevant the details of her alleged medical issues.

¶17  IT IS ORDERED that the petition for consensual license revocation is granted.

¶18  IT IS FURTHER ORDERED that the license of Daynel L. Hooker to practice law in Wisconsin is revoked, effective the date of this order.

¶19  IT IS FURTHER ORDERED that within 60 days of the date of this order Daynel L. Hooker shall pay restitution in the amount of $1,130 to former client D.W.; $2,720 to former client J.T.S.; $4,610 to former client G.K.; $2,310 to former client H.O.; and $1,660 to former client K.V.

¶20  IT IS FURTHER ORDERED that, to the extent she has not already done so, Daynel L. Hooker shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.