# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2020AP236-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Michael W. Starkweather, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>   v.<br>Michael W. Starkweather,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST STARKWEATHER

| | |
|---|---|
| OPINION FILED: | October 30, 2020 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam. | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2020AP236-D

STATE OF WISCONSIN      :      IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Michael W. Starkweather, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

      **v.**

**Michael W. Starkweather,**

      **Respondent.**

**FILED**

**OCT 30, 2020**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. This is a reciprocal discipline matter. On February 5, 2020, the Office of Lawyer Regulation (OLR) filed a complaint and motion pursuant to Supreme Court Rule (SCR) 22.22,[1] asking this court to suspend Attorney Michael W.

_____

[1] SCR 22.22 provides:

      (1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the

effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub.(3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice of opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity,

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub.(3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

2

Starkweather's license to practice law in Wisconsin for a period of 36 months, as discipline reciprocal to that imposed by the United States Patent and Trademark Office (USPTO). Upon review, we agree that it is appropriate to suspend Attorney Starkweather's law license for a period of 36 months. Although the OLR's complaint did not address this subject, we also follow our practice of ordering Attorney Starkweather to comply with the terms and conditions of the USPTO disciplinary order, including a two-year period of probation. We do not impose costs.

¶2 Attorney Starkweather was admitted to practice law in Wisconsin in 1988. He was registered as a patent attorney by the USPTO in 1990. The most recent address furnished by Attorney Starkweather to the State Bar of Wisconsin is in Tampa, Florida.

¶3 Attorney Starkweather's Wisconsin license was suspended effective October 31, 2019 for failure to pay bar dues

---

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

(6) If the discipline or license suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or license suspension imposed by the supreme court shall be held in abeyance until the stay expires.

and for failure to comply with trust account certification requirements. His Wisconsin license remains administratively suspended at the present time. Attorney Starkweather was also publicly reprimanded in 2012 for appearing in federal bankruptcy court in Utah without being admitted to practice in the state or federal courts of Utah. Public Reprimand of Michael W. Starkweather, No. 2012-6 (electronic copy available at https://compendium.wicourts.gov/app/raw/002474.html).

¶4 According to the documents attached to the OLR's complaint, on October 17, 2019, the USPTO issued an order suspending Attorney Starkweather's ability to practice before the USPTO for 36 months as a result of his failure to provide competent representation in a reasonably prompt, diligent, honest manner to the inventors he took on as clients. More specifically, the USPTO found Attorney Starkweather violated 37 C.F.R. §§ 11.101 (competency); 11.102(a) (failing to abide by a client's decisions concerning the representation objectives); 11.103 (diligence); 11.104(a)(1) and (b) (failing to explain a matter to the extent reasonably necessary to enable the client to make an informed decision); 11.104(a)(2) (failing to reasonably consult with a client about the means by which the client's objectives are to be accomplished); 11.104(a)(3) (failing to keep client reasonably informed about the status of a matter); 11.107(a) (failing to obtain informed consent in writing from clients where the representation involved a concurrent conflict of interest); 11.303(a)(1), (3) and (d) (knowingly making false statements of fact to a tribunal);

4

11.504(c) (permitting an entity which recommended, employed, or paid the respondent-lawyer to direct or regulate the respondent-lawyer's professional judgment); 11.804(c) and (d) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); and 11.804(d) (engaging in conduct that is prejudicial to the administration of justice). See In the Matter of Michael W. Starkweather, Proc. No. D2018-44 (USPTO Oct. 17, 2019).

¶5 The USPTO order also states that Attorney Starkweather's future reinstatement by the USPTO, if any, shall be conditioned on, among other things, attaining a certain score on the Multistate Professional Responsibility Exam (MPRE) and completing 12 hours of continuing legal education courses on certain subjects. Id. In addition, the USPTO order states that, if reinstated, Attorney Starkweather must serve a two-year probationary period with a number of specified conditions. Id.

¶6 On February 5, 2020, the OLR filed a complaint against Attorney Starkweather alleging that, by virtue of the suspension imposed by the USPTO on October 17, 2019, Attorney Starkweather is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22. The OLR's complaint also alleged that by failing to notify the OLR of his suspension by the USPTO within 20 days of

the effective date of its imposition, Attorney Starkweather violated SCR 22.22(1).[2]

¶7 On July 7, 2020, this court directed Attorney Starkweather to inform the court in writing within 20 days of any claim by him, predicated upon the grounds set forth in SCR 22.22(3), that the imposition of discipline reciprocal to that imposed by the USPTO would be unwarranted, and of the factual basis for any such claim. Attorney Starkweather did not file a response.

¶8 Under our rules and precedent, this court shall impose the identical discipline imposed by the USPTO unless one or more of the enumerated exceptions in SCR 22.22(3) is shown. See SCR 22.22(3); see also In re Disciplinary Proceedings Against Schwedler, 2017 WI 54, ¶5, 375 Wis. 2d 426, 895 N.W.2d 409 (imposing reciprocal discipline based on the USPTO's disciplinary action). There is no indication that any of those exceptions apply in this case. In addition, although certain elements of the USPTO disciplinary order are generally not imposed in Wisconsin disciplinary proceedings (e.g., imposition

---

[2] We note that on February 21, 2020, about two weeks after the OLR filed its complaint in this matter, Attorney Starkweather filed a petition to resign his membership in the State Bar of Wisconsin pursuant to SCR 10.03(7)(a). We ordered this petition be held in abeyance in light of the instant disciplinary proceeding. See SCR 10.03(7)(a) (providing that, before accepting a voluntary resignation of membership, this court "shall request from the office of lawyer regulation information concerning whether the attorney is the subject of any pending . . . proceedings"). We will address this pending petition in a separate order.

6

of a probationary term, the requirement of a particular score on the MPRE), this court's practice in like situations is to order the respondent-lawyer to comply with the terms and conditions imposed by the disciplinary order in the other jurisdiction in order to make the discipline identical under SCR 22.22. See, e.g., In re Disciplinary Proceedings Against Hooker, 2010 WI 13, ¶11, 322 Wis. 2d 552, 779 N.W.2d 419; In re Disciplinary Proceedings Against Moree, 2004 WI 118, 275 Wis. 2d 279, 684 N.W.2d 667. We do so here.

¶9 We do not impose the costs of this proceeding on Attorney Starkweather. See In re Disciplinary Proceedings Against Hooker, 2012 WI 100, ¶26, 343 Wis. 2d 397, 816 N.W.2d 310 (noting that in reciprocal discipline cases where a referee is not appointed, costs are generally not imposed as there are no referee expenses and the proceedings are less involved).

¶10 IT IS ORDERED that the license of Michael W. Starkweather to practice law in Wisconsin is suspended for a period of 36 months, effective the date of this order.

¶11 IT IS FURTHER ORDERED that Michael W. Starkweather shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶12 IT IS FURTHER ORDERED that compliance with all conditions of this order, and compliance with all conditions of the disciplinary order imposed on Michael W. Starkweather by the

7

United States Patent and Trademark Office, are required for reinstatement. See SCR 22.29(4)(c).

¶13 IT IS FURTHER ORDERED that the administrative suspension of Michael W. Starkweather's license to practice law in Wisconsin, due to his failure to pay bar dues and failure to comply with trust account certification requirements, will remain in effect until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1).

¶14 IT IS FURTHER ORDERED that Michael W. Starkweather's pending petition to resign his license to practice law in Wisconsin shall be addressed in a separate order.